The facts of this case are sufficiently stated in the opinion of the Court.
James Robeson died in 1797, leaving five children, all of tender years, who are his heirs-at-law, viz., John, David, Catharine, Sarah, and Leah. At the time of his death, he held a bond for the title of the land mentioned in the pleadings, and the purchase-money was all paid, except the sum of sixty dollars. The widow and children continued to live on the land. Robeson left a will disposing of his personal estate, but made no disposition of his land. Jesse Robeson, the executor, paid out of the personal estate the balance of the purchase-money, and took the title to himself in fee, with a stipulation expressed in the deed, that he would convey the land to David and John, the two sons of James Robeson, when they paid him the amount paid by him for the land.
When Catharine and Sarah married, they left the land, and have never been in possession since. The widow, David, John, and Leah, continued to live on the land. In 1839, Jesse Robeson executed a deed to David and John for the land, but there is no proof or allegation that they paid him the sixty dollars or any part thereof. Soon afterwards, David and John divided the land. David settled on his part. John, Leah, and the widow, continued to live as one family on the (511) part that John took in the division. About that time Richard Sentill, the husband of Sarah, and Catharine, who had married Guilford Sentill, and was then a widow, made a demand of David and John for their parts of the land, which was refused, on the ground that they had the exclusive title under the deed of Jesse Robeson. Since that time, David and John, and the defendant Merrill, who claims under John, have had possession; the widow and Leah being permitted still to live with John until he sold to Merrill and moved off. Merrill then turned the widow and Leah out of possession.
This bill was filed at Spring Term, 1852, by Catharine, whose husband died in 1837, and the children and grand-children of Sarah, who died in 1840, against David Robeson, John Robeson, and John Merrill, who claims under John, and against Leah, for conformity, who had removed to Georgia.
The bill seeks to set up the equity of the plaintiffs as the heirs of James Robeson. The plaintiff Catharine prays for a conveyance of one-fifth part, and the other plaintiffs for a conveyance of one other fifth part, as the heirs-at-law of Sarah Sentill. *Page 421 
The defendants David, and Merrill, claiming under John, rely upon the lapse of time as a bar to the plaintiffs' equity. They also insist that Richard Sentill, the husband of Sarah, is a necessary party, being entitled to her part as a tenant by the curtesy.
It is clear from the pleadings and proofs, that the plaintiffs once had an equity, and the only question is, whether they had lost it by the presumption of abandonment, or satisfaction under the statute, at the time the bill was filed.
With reference to this question, an enquiry was directed at last term as to the ages and dates of the marriages, etc., of the several plaintiffs in the year 1839. The plaintiff Catharine was, at that time, discovert; she and Richard Sentill then made a demand, which was refused, and David and John were allowed to hold adverse possession, up to the filing of the bill — some thirteen years; so, her equity is presumed to have been satisfied or abandoned. As to her the bill must be dismissed. (512)
Sarah died in 1840. Her husband, to whom she had been covert for many years, surviving her. So the presumption only applies to such of the plaintiffs, her children and grand-children, as were of age, and not under disability, for ten years prior to the filing of the bill. According to the master's report, her daughter, Joicey, married under age, and died in 1847, leaving five infant children. They are entitled to a decree for their mother's part. James R. Sentill was of age at his mother's death, and is excluded. Samuel arrived at age 5th of February, 1841; so, there was a lapse of more than ten years before the bill was filed, and he is excluded. Guilford arrived at age 11th of October, 1842 — the bill was filedMarch Term, 1852; so he is in time, and is entitled to a decree; the other children of Sarah, being all younger than Guilford, are, of course, in time, and are entitled to a decree.
The objection that Richard Sentill is a necessary party, being tenant by the curtesy of his wife's part, is not tenable. A husband is entitled to curtesy in a trust, or other equitable estate of his wife. This means an express trust — one by the consent of the parties, so as to give anestate in equity, as distinguished from a right in equity. This distinction is so fully discussed in Thompson v. Thompson, 46 N.C. 432; Nelson v.Hughes, 55 N.C. 33, that we will not again enter into it. In our case, Sarah, the wife of Richard Sentill, had no admitted trust — noestate, but only a right in equity to convert her brothers, David and John, into trustees for her. If the trust had been an express one, the statute would not have excluded any of her children. There is a further reason — the husband never had actual possession.
Per curiam.
Decree accordingly. *Page 422