Pearson, J.
 

 By the act of 1828, a widow is entitled to dower in an “ equity of redemption or other equitable or trust estate in fee, of which her husband dies seized.” The question is, docs the ease of a vendee who is let into possession and dies, leaving a part of the purchase money unpaid, and without talking a conveyance, come within the operation of the Statute, go as to entitle his widow to dower ?
 

 The object of the Statute was to abolish the distinction between a legal and equitable estate, in regard to the right of dower, which had been taken to the prejudice of widows, soon after the introduction of the doctrine of “trusts,” and uniformly acted upon up to that time, although it was admitted that the effect was to introduce an anomaly, by excluding widows from dower, under circumstances where husbands obtained curtesy. __
 

 The prominent word of the Statute is “ estate,” as distinguished from a mere right. We readily yield our assent to the suggestion, that it rvas not the intention to abolish this distinction, and t hat as a widow is not entitled to dower ivhcre a husband has a mere right at law, so she is not entitled where the husband has a more right in equity. By way of illustration : the wife of a disseizee, who neglects to enter, cannot claim dower j for, although the husband had a right, which was transmissible
 
 *432
 
 by descent, he had no estate ; so, where one maíces a feoffment upon condition, and dies after condition broken, but without re-vesting his estate by entry, and afterwards the heir enters and revests the estate, the widow is not entitled to dower. This distinction, which applies where the widow claims dower at Common law, is equally applicable where she claims under the Statute: for instance, if a trustee sells the land in violation of the trust, and the
 
 cestui qui trust
 
 marries and dies without re-vesting his estate, the widow is not entitled to dower; for he had a mere right to apply to a Court of Equity, and have the purchaser declared a trustee, if he bought with notice: but, as he did not in his lifetime assert this right, although his Heir may do so after his death, it was not intended to give the widow a claim to dower. Indeed, it could not be done, without destroying all analogy between a legal and an equitable estate, which, the intention was, to put on the same footing. So, if a trustee uses money belonging to the trust fund, and invests it in land, although the
 
 cestui qui trust
 
 may in equity follow the fund, and claim the land, yet, until he does so, he has a more right, not an estate.
 

 No question is made as to the distinction between an estate and a right in equity. Indeed, we were informed upon the argument, that his Honor, in tho Court below, decided against the widow, upon the ground, that her husband had only a right, and not an estate. So there is no difference of opinion as to the principle ; but we think his Honor was mistaken in making the application, and in holding that the vendee had no equitable or trust estate. The ground of the distinction consists in the difference between a trust created by the act of the parties, where he who has the legal estate, consents to hold it in trust for the other, and there is no adverse possession or conflict of claims, and a trust created by the act of a Court of Equity, where there is a Conflict of claims, and the party having tho legal estate holds adversely, and does not become a trustee until he is converted into one by a decree founded on fraud, or tho like. In the former, the
 
 cestui qui trust
 
 has an estate ; in the latter, there is a
 
 *433
 
 mere right; and the idea of dower or curtesy, is out of the question. So the enquiry is narrowed to this: does the case of a vendee who has been let into possession, and has paid a part of the purchase money, fall under the head of a trust created by the act of the parties, where there is no adverse possession or conflict of claims; or, of a trust created by _ the act of the Court, where there is an adverse possession and conflict of claims, until the legal owner is converted into a trustee by a decree ?— Apart from authority, there would seem to be but little difficulty in coming to the conclusion that it is a trust created by the act of the parties. They consent and agree that the legal title shall be retained by the vendor in trust, as a security for the payment oí the purchase money, and then in trust for the ven-dee. So, there is no conflct of claims, or anything adverse in their position towards each other. But the question is settled by the adjudications ; 1 Sug. Y. and P., ch. 4, sec. 1; ch. 6, section 2.
 

 “ A contract for the sale of land, enforeiblein Equity, though in fact unexecuted, is considered as performed, and the land is in Equity the property of the vendee.” Adams Eq. 140. The vendee is entitled to the rents ; if the property decreases in value, the loss is his; if the value is enhanced, it is his gain. At hi# death, it descends as real estate to the heir, or will pass to a de-visee, and they will be entitled to have the price paid out of the personalty. If the contract, after the death of the vendee, be rescinded, his heir or devisee will be entitled to the purchase money Broome v. March, 10 Vesey 597.
 

 As owner of the estate, the vendee may follow it in the hands of a purchaser, who takes a conveyance with notice. Here we are presented with a striking illustration of the difference between the two kinds of trusts; while the vendor retains the legal estate, the vendee has an equitable estate, and his widow is,under the statute, entitled to dower, and there is no Statute of Limitations to affect him. But if the vendor passes the legal estate out of him, this divests the equitable estate of the vendee. He has then a mere right, and the Statute of Limitations will bar him, unless
 
 *434
 
 he asserts bis right against one who has taken "the legal estate, either as a volunteer or a purchaser, with notice. Hovenden v. Lord Annesley, 2 Sch. and Lef. 638; Edwards v. University, 1 Dev. and Bat. Eq. 326.
 

 There is another view which tends strongly to show the correctness of our conclusion. We have seen above that soon after the introduction of the doctrine of “trusts,” widows were excluded from dower in equities of redemption and other equitable and trust estates under circumstances where husbands obtained curtesy, and the object of the Statute was to abolish this invidious distinction. Now, it is clear, that husbands were entitled to curtesy, not only* in equities of redemption, but in all other equitable or trust estates, under which is held to be included all trusts created by the act of the parties where the wife had an estate, as distinguished from a more right to have the owner of the legal estate converted into a trustee. Sweetapple v. Bindan, 2 Vernon, 536; Id. 630. Bell on property of husband and wife; title equitable seizin, 67 Law. Lib. 119; and the cases there cited. By which it will be seen, that the husband is entitled to curtesy in a sum of money directed to be invested in land for the use of the wife in tail, she dying before the investment: or, where the wife is entitled to land in fee under articles of purchase, and dies before the price is paid, or a conveyance is exceled; or, where land is conveyed in trust for the payment of debts, and then in trust for a woman in foe; she marries and dies before the debts are paid. Watts v. Ball, 1 P. W. 108.
 

 It was insisted upon the argument, that the act of 1828, and the act of 1812, which make trust estates subject to sale under execution, ought to receive the same construction ; and as the estate of the vendee cannot bo sold under the act of 1812, so the widow cannot be entitled to dower in such estate. The conclusion does not follow. The reason why the estate of the vendee cannot bo sold under the act of 1812, is, because, under that act, the purchaser becomes entitled to the legal as Well as the equitable estate; consequently, it can only apply to
 
 *435
 
 a “pure ” or
 
 “
 
 unmixed ” trust, as it is termed, (although the better expression is, to a case where the trust is held only for one person.) For, if the trust be held for another besides the debtor, the statute cannot operate, inasmuch as the trustee should hold the legal title for such other
 
 cestui qui trust:
 
 for instance, in the case of the vendee, his estate cannot be sold, because the vendor holds as well to secure the purchase money as in trust for the vendee; and the statute could not have intended the manifest injustice of depriving him of his security, by transferring the legal title to the purchaser under an execution against the vendee.
 

 This reason for excluding such equitable and trust estates from the operation of the act of 1812, has no application whatever to the act of 1828; for, by the latter, the widow takes expressly subject to the rights of the vendor.
 

 Again, it was insisted, if the widow be endowed of one-third of the land, although it is subject to the rights of the vendor, still his security will be impaired; for it will be subdivided and split up into several parts. This does not follow. As long as the vendor is content with his security, and permits the widow to continue in possession of the one-third allotted to her, she can only be required to keep down the interest upon one-third of such part of the purchase money as remains unpaid. When the vendor desires to have his money, if it cannot be made out of the personal estate of the vendee, (which is the fund primarily liable,') he can file a bill for the specific performance of the contract, and the money must then be paid or raised by a sale of the land. Whether the other two-thirds of the land, and the reversion of the third, covered by the dower, will not be bound to exonerate the widow, by being applied to the discharge of the debt of her husband, is a question that wo will not now decide, as it was not discussed before us. Analogies may bo found in the case of husbands who have taken curtesy in their wives’ equities of redemption and other equitable and trust estates; and also, in the case of widows, who have taken dower in the reversion of
 
 *436
 
 their husbands, subject to a term for years, conveyed by way of mortgage.
 

 The petitioner is entitled to have dower allotted to her in one-third of the house and lot. Judgment below reversed. This apiniop will be certified.
 

 Per Curiam. Judgment reversed.