Pearsoit, J.
 

 The plaintiff is an individual creditor of Isaac Casey. The defendant is his administrator. Casey and "William Davis were co-partnérs, and as such were indebted to the defendant in a large sum : Davis, the surviving partner, has a large amount of the effects of the firm in his hands.
 

 The question is, has the defendant, as administrator, a right to retain the assets received by him as the individual property of Casey, in payment of a debt due to him by “ Casey and Davis,” to tire exclusion of the plaintiff’s debt?
 

 It is decided,
 
 White
 
 v. Griffin, 2
 
 J
 
 ones’ Rep. 3, that the administrator of a deceased partner may retain a debt due by the firm out of the individual assets of the intestate, as against an individual creditor in an action at law — by force of the provisions of the 89th and 90th sections of the 31st ch. of the Revised Statutes. We are unable to see any principle upon which a Court of Equity can interfere in behalf of an individual creditor and take from an administrator his right of retainer.
 

 It is a settled doctrine of the Court of Equity in England, that the creditors of the firm are first to be paid out of the the effects of the firm, and the creditors of an individual, who is a member of the firm, are first tp be paid out of the individual estate of such member — the excess of either fund going in aid of the other; on the ground that creditors of the firm are supposed to deal on the credit of the firm; and creditors of the individual members are supposed to deal on the credit of the indvidual, 4 Kent, 65, 1 Story Eq. sec.
 
 676.
 

 The supposition that a creditor of the firm deals on the credit of the firm, is made, because of the fact, that in the event of the death of a member of the firm, the creditor has no remedy at law, except against the surviving partner.
 

 
 *119
 
 The supposition that a creditor of the individual member deals on the credit of the individual, is made because of the fact, that such creditor has but a qualified right to subject the effects of the firm to the payment of his debt: for, although, under an execution in his favor, the sheriff may levy upon and sell the property of the firm, yet the purchaser acquires only a right to the thing purchased, subject to a settlement of all accounts, which is, in effect, only the undefined interest 6f the ‘debtor in the surplus, after the partnership debts are paid. It is true, that in Equity, a creditor of the firm is not restricted to liis remedy against the survivor, but may seek redress against the individual assets of a deceased partner. Still, the redress given to him is subject to the preferred rights of the individual creditors, and these terms are imposed because he has no redress at law; and when he comes into Equity, as that Court acts upon the supposition that the credit was given to the firm effects, and that fund is liable to him in the first instance, he is only allowed to reach the
 
 surplus
 
 of the individual assets, which fund is considered liable in the first instance to the individual creditors.
 

 Our Statute, ch. 31, secs. 89, 90, 91, introduces a new order of things. A debt of the firm is
 
 joint
 
 and
 
 several.
 
 In case of the death of a partner, an
 
 action at law
 
 may be brought against his personal representative
 
 alone,
 
 or in connection with the surviving partner. This works an entire change, so 'far as creditors of the firm are concerned, and takes, away the ground upon which the supposition, that‘a creditor of the firm deals on the credit of the firm, is based ; because it gives him a direct remedy at law against each member of the' firm and their personal representatives.
 

 So, according to our law, a creditor of the. firm is under no necessity of coming into Equity, and of course the Court of Equity has no right to impose any terms upon him; and it is also a matter of course, that a Court of Equity cannot, at the instance of an individual creditor, interfere and direct that the two funds should be applied, the one to pay firm debts in the first instance,, and the other to pay individual debts in tire
 
 *120
 
 first instance, and the surplus of either fund to come in aid; for the plain reason, that by the force and effect of the statute, a creditor of the firm is made to all intents and purposes, an
 
 individual creditor of each member of the firrm.
 

 It being the pleasure of' the makers of our" law to put the creditor of a firm upon the footing both of a creditor of the firm, and of a creditor of each and everyone of the members of the film, the English doctrine can have no application; for, the very ground upon which it is built is taken away ; and
 
 á
 
 creditor of a firm, under our law, must be supposed to deal, as well upon the credit of each member of the firm, as of that of the firm, because he has a direct legal remedy against each and all of them.
 

 Pise Cuexam. Bill dismissed.