*81
 
 Manly. J.
 

 This is a petition filed by the heirs-at-law of Caleb Klutts, against the widow, praying for a sale of lands, in order to allot dower, and make division among the said heirs to the best advantage. The question is, whether the purchaser of real estate, at a master’s sale, who gives bond for the purchase money, and dies before the sale is reported to, or confirmed by the court, is seized of such an equitable estate as will entitle his widow to dower. It seems the Court, after the death, confirmed the sale, and the case now awaits the collection of the purchase mone3, and the making of title.
 

 The case* of
 
 Thompson
 
 v. Thompson, 1 Jones’ Rep. 430, was that of a vendee in possession, with a bond for title, a part of the purchase money only, being paid. It was there held the widow was entitled to dower.
 

 That case seems'to have turned upon the point whether the vendee had any equitable
 
 estate
 
 in the land as distinguished from a mere
 
 right
 
 in equity, and with respect to that, we do not perceive any material difference between the cases. The sale in Equity is conducted by the master, under the order of the court. The biddings are public; the master accepts the last and highest; takes the bond or bonds of the purchaser, and reports to the court. Such a sale, according to the ordinary course, is subject to the disapproval of the court, and subject also, to the lien of the former owner, until the purchase money is paid. It is nevertheless, as we think, a contract to sell which may be enforced in Equity, and, therefore, in a court of Equity, the land is considered the property of the vendee. He has an equitable estate in it subject to be defeated.
 

 By recurring to the case of Thompson, it will be perceived that the equity of the vendee was not a simple or unmixed equity, but was encumbered with the superior equity of the vendor, to have this purchase-money paid. In that case, like the one before ns, the estate of the vendee was subject to be defeated by the non-payment of the money.
 

 We do not attach any special importance to the other condition to which the contract of sale, in this case, was subject, to wit, the approval of the Court. The power to set aside, is not
 
 *82
 
 an arbitrary power, but is regulated by law. Our case is not encumbered by it, therefore, with any new principle. It only adds a condition whereby the vendee’s equity may be defeated. It makes the vendee’s equity a little more complex, but does not materially change its nature.
 

 Upon the whole, we think the case depends upon the principles laid down in the case of Thompson, and that the defendant, the widow, had a right to have the lots in question, disencumbered of the lien, for the purchase money, and to have dower allotted therein, as well as in the other lands set forth in the petition.
 

 It is also apperent to us, that the interest of all parties, and especially the infant petitioners has been promoted by the sale of the entire estate in the lands; and a division of the proceeds may be made according to the respective interests of the parties.
 

 Pek CueiaM, Let a decree be drawn accordingly.