M. CAROON, Adm'r &c. *v.* W. D. COOPER and others.

A widow is entitled for her dower to a life estate in one-third of the full value of any land in which her husband had an equitable estate, subject to valid incumbrances thereon; and so, has a right to require that the remaining two-thirds, as well as the reversion in the one-third assigned to her, shall be applied to the payment of any purchase money still due for said land, in exoneration of her dower; being liable for such purchase money only after these funds have been exhausted.

(*Thompson* v. *Thompson*, 1 Jon. 430; *Campbell* v. *Murphy*, 2 Jon. Eq. 357 and *Klutts* v. *Klutts*, 5 Jon. Eq. 80, cited and approved.)

BILL in equity, set for hearing upon bill and answers, and

by consent transferred to this Court, at Fall Term 1868 of the
Superior Court of TYRRELL.

The plaintiff was administrator of one Joseph Caroon; the
defendants Cooper and another were executors of one Daven-
port, and the other defendants were the widow and children
of Joseph Caroon.

The bill alleged that Joseph Caroon in his life time had
purchased of the executors of Davenport a tract of land sold
by them under an order of Court, but had died leaving a large
part of the price unpaid, the title remaining untransferred;
that the plaintiff as administrator of a former wife of Joseph
Caroon, had recovered from the executors of Davenport a large
sum of money, and, being advised that when recovered it was
assets of Joseph Caroon's estate, they had applied it to the
debt due upon the purchase of the land; that a considerable
sum remains yet unpaid, and other large debts exist, and that
it is necessary to sell Joseph Caroon's interest in the land, &c.

The answer of the widow admitted the material facts
alleged in the bill; but submitted that she was entitled for
dower to one-third of the full value of such tract—either in
land, or in its proceeds, and therefore, that the reversion upon
the one-third to which she was entitled for life, together with
the other two-thirds of the land, should be applied to the
debts, including the balance of the purchase money, in exone-
ration of her share.

The other answers submitted to a decree.

*Gilliam*, for the plaintiff.
*Smith* and *Jarvis*, contra.

SETTLE, J.  " When a man shall be seized of a legal right
of redemption, or of an equity of redemption, or other equita-
ble or trust estate in fee, his wife shall be entitled to dower
therein, subject to valid incumbrances thereon, in the same
manner as in legal estates of inheritance." Rev. Code, ch.
118, sec. 6.

In the case before us, the widow's right to dower is clear;

subject, however, to the incumbrance of the purchase money.

The learning on this subject is discussed at length in the cases of *Thompson* v. *Thompson*, 1 Jon. 430, and *Campbell* v. *Murphy*, 2 Jon. Eq. 357. In *Thompson* v. *Thompson*, Chief Justice Pearson uses this language: " Whether the other two-thirds of the land, and the reversion of the third covered by the dower, will not be bound to exonerate the widow, by being applied to the discharge of the debt of her husband, is a question that we will not now decide, as it was not discussed before us."

This case presents that very question, and indeed it is the only one which it is necessary for us to consider; for, although the plaintiff, as administrator of Louisa Caroon, a former wife of the intestate Joseph Caroon, recovered a sum of money from the guardian of the said Louisa, and applied the same in part payment of this incumbrance, he did no more than he was bound to do, and cannot now be heard to complain, or claim to be subrogated to her right.

The personal estate is the fund primarily liable to the payment of debts, and the widow has a right to have it applied in exoneration of her dower. If that fund be exhausted, her right to dower is subject only to the incumbrance of the purchase money, but not to other debts. If a widow dissents from her husband's will, she is remitted to her right of dower, which is held above the will, and is liable neither to debts nor legacies.

If the widow's right of dower is of such superior dignity as to defeat all debts and legacies, we can see no reason why, in a case like this, her claim should be entitled to less consideration. Where a purchaser of real estate at a Master's sale, gave bond for the purchase money, and died before the sale was reported to, or confirmed by the Court, but the Court after the death confirmed the sale, it was held, that the widow had a right to have the lots in question disincumbered of the lien, for the purchase money, and to have dower allotted therein. *Klutts* v. *Klutts*, 5 Jon. Eq. 80. The decisions on this subject in the different States are conflicting, but in North

Carolina, they all point in one direction, and are favorable to the view of exonerating the widow's dower.

Our conclusion is that the widow is entitled to have dower assigned out of the whole tract; and cannot be called upon, until it is ascertained that the remaining two-thirds, and the reversion in the one-third covered by her dower, is insufficient to pay off the incumbrance of the purchase money.

Let a decree be drawn accordingly.

PER CURIAM.                                    Decree accordingly.