The land sought to be subjected to dower was three tracts, viz: The McMurry tract, the Chrisman tract, and a tract of some 756 acres acquired by the deceased, W. R. Smith, under the will of his father, Eli Smith. No question was raised in regard to the liability of the two former tracts. The questions as to the latter were, as to the extent to which they were charged with pecuniary legacies left to various persons in the will of Eli Smith. William R. Smith died in 1868, and Eli Smith, in 1862.
The portions of the will of Eli Smith which it is necessary to state in this connection, are:
"1st. I give and devise to my granddaughter, Jane S. Gilmer, and the heirs of her body, $2,500.00, to be held in trust by her guardian," with certain directions for its investment, and also contingent bequests in case of her death, etc.
"2nd. I devise and give to my grandson, John E. Gilmer, $2,500.00 in money, to be paid to him by his guardian when he becomes 21 years of age," with other directions as above.
4th. A similar legacy to his grandson Wm. M. Gilmer.
"6th. I also give and devise to my son Wm. R. Smith, all and every parcel of the lands, whatsoever and wheresoever, I may *Page 427 
die in possession of, upon the condition that the said Wm. R. (547) Smith pay over to my grandson, Wm. M. Gilmer, the sum of $1,500, over and above the legacy hereinbefore specified for said grandson, etc. Also, all the rest, residue and remainder of all my estate, real and personal, etc., etc., I do give, devise and bequeath unto my said son Wm. R. Smith, and his lawful heirs," etc.
William M. Gilmer died in 1864, having attained full age, and the defendant John was appointed his administrator, both of the defendants being his heirs and next of kin.
The defendants claimed that the land was charged with the payment of all the above legacies in the event which occurred, to-wit: the loss of the personalty by the events of the war. The plaintiff, whilst contesting this, on the other hand claimed, amongst other things, that the land had been discharged from the $1,500 due to W. M. Gilmer, by the fact that Wm. R. Smith, who was appointed his guardian by the will, had made his return as such to Court, charging himself with said sum, as money received by him for said ward.
His Honor gave judgment for dower as prayed for in the petition; and the defendants appealed.
We are of opinion that none of the legacies in the will of Eli Smith are a charge upon the land devised to William R. Smith, except the legacy of $1,500 to William M. Gilmer, contained in the 6th item of the will. This is clearly a charge upon the land, and the devisee took the same cum onere, immediately upon the death of the testator: Doe v. Woods, 44 N.C. 290.
But the plaintiffs insist that, as the intestate William R. Smith, who was testamentary guardian of William M. Gilmer, (548) charged himself with this legacy in his guardian return to the County Court, he there by relieved the land, and made it a charge only upon his personal estate. We do not assent to this proposition. The manner in which a ward's estate shall be invested is pointed out in the Revised Code, ch. 54, sec. 23, and if a guardian takes it upon himself to disregard the requirements of this act, he does so at his peril.
This brings us to the main question raised by the pleadings: Is the plaintiff, Elizabeth Smith, entitled to dower in the lands devised to her deceased husband? We have seen that these lands vested in her husband, the intestate, cum onere, immediately upon the *Page 428 
death of the testator. She is therefore entitled to have all the personal estate of the intestate applied to the payment of this charge of $1,500, in exoneration of her dower; and if that is not sufficient, the remaining two-thirds of the land and the reversion in the one-third covered by her dower, must be applied to the extinguishment of this charge, before the widow can be called upon to contribute anything out of her dower:Thompsonv. Thompson, 46 N.C. 430; Caroon v. Cowper, 63 N.C. 386.
It follows that the widow takes dower, as her husband took the fee simple, cum onere, being entitled to be exonerated as above.
Of course, if the $1,500, with interest as directed in the will, consumes the whole estate, personal and real, there is nothing left for the widow's dower; but upon the idea that the estate is sufficient to meet both demands, the judgment of the Superior Court is affirmed.
Per curiam.
Judgment affirmed.
Cited: Creecy v. Pearce, 69 N.C. 68; Ruffin v. Cox, 71 N.C. 256;Overton v. Hinton, 123 N.C. 6; Chemical Co. v. Walston, 187 N.C. 826;Brown v. McLean, 217 N.C. 557.
(549)