MARY E. CREECY *v.* EDWARD PEARCE, Adm'r, *et al.*

The widow of a mortgagor, as against the legatees and next of kin as well as against the heirs and devisees of her deceased husband, has a right to have the mortgaged land exonerated from the mortgage debts, but as against his other creditors she has no such right. As to them, she has only the right to have the two-thirds of the land not embraced in the dower, and the reversion of the dower sold, and the proceeds applied to the payment of the mortgage debt, and to have the residue of that debt, if any, paid rateably with the other debts of the deceased out of the personal assets, and if there still be any part of the mortgage debt unpaid, it will be a charge on the dower.

This was a PETITION for dower, first heard before the clerk of the Superior Court of CHOWAN county, and afterwards before his Honor, *Albertson, J.*

The facts of the case were shortly these: Augustus R. Creecy died in the county of Chowan in November, 1872, leaving the petitioner, his widow, and several children, who are defendants. In his life-time he owned a tract of land, which he mortgaged to one John Roberts, for fifteen hun-

dred dollars, which remained unpaid at the time of his death. The defendant, Pearce, administered on his estate and found it to be insolvent.

In her petition, the widow prayed to have the third part of the land exonerated, by having the mortgage debt paid out of the personal estate, and that part of the land not assigned to her for dower. The defendant, Hathaway, as a creditor, on behalf of himself and the other creditors, was made a party defendant and opposed the petition. The clerk of the Superior Court gave judgment in favor of the petitioner, which was approved by the Judge, and the defendant, Hathaway, prayed and obtained an appeal to the Supreme Court.

No counsel appeared in this Court for the defendants.
*Smith & Strong,* for the plaintiff.

1. Debts which are a specific lien on the property of an intestate, must first be paid to the extent of the value of the property to which the lien attaches. Act of 1868–'69, chap. 113, sec. 24.

2. The plaintiff has a right to require the application of the whole of the personal estate, or so much as is necessary to pay off the encumbrance, and exonerate her dower from the lien, and this through a payment of the debt. *Thompson* v. *Thompson,* 1 Jones 435; *Klutz* v. *Klutz,* 5 Jones' Eq. 80; *Caroon* v. *Cooper,* 63 N. C. Rep. 386. See also *Smith* v. *Gilmer,* 64 N. C. Rep. 546.

PEARSON, C. J. A widow as against the legatees or distributies has an equity for exoneration, that is, to have a debt of her husband, which is a charge upon the land, paid out of the personal estate, it being the primary fund for the payment of debts. So a widow as against the divisees or heirs has an equity for exoneration. *Carson* v. *Cowper,* 63 N. C. Rep 386. *Smith* v. *Gilmer,* 64 N. C. Rep. 546.

CREECY v. PEARCE, Adm'r, *et al.*

In this case, the question is in regard to the right of the widow as against *creditors* of her husband. But for the mortgage on the land to secure the debt due to Roberts, the right of. dower has priority over creditors in respect to the real estate. Suppose the widow relieves the land from this incumbrance, and take an assignment of the Roberts debt, she then stands in his shoes, and has a right to have the land sold, and proceeds of sale applied for the exoneration of her right to dower. This is clear, and there is no difficulty in respect to the land.

When the widow, standing in her own shoes, or in the shoes of the creditor Roberts, insists that for her exoneration, the other creditors must give way, and let the debt of Roberts be first paid out of the personal estate, upon which neither she or Roberts have any lien or priority, this Court is unable to see any ground on which the claim can be supported. True, the personal estate is the primary fund for the payment of debts, but the defendant, Hathaway, and other creditors have the same right as against the personal estate as Roberts has; so the widow can take nothing by standing in his shoes, for his priority by force of the mortgage is only in respect to the land.

Dower is not subject to the debts of the husband, except debts charged on the land, but on what principle is it, that a debt, because charged upon the land, is also to have priority in respect to the personal estate? We can see none, and the able counsel of the plaintiff did not suggest any that needs further comment.

The judgment in the Court below will be modified so as to direct a sale of the two-thirds of the land not embraced by the dower, and the reversion in the other third, the proceeds of sale to be applied to the Roberts debt, and the residue of the Roberts debt to be paid rateably out of the personal estate in the course of administration, and if there

be still any part of the Roberts debt unsatisfied, it will be a charge on the dower land.

We considered the question whether in the distribution of the personal estate, the Roberts debt ought to be taken *pro rata* on the whole debt, or on the debt, minus the amount that may be realized out of the mortgage. We are satisfied the latter is the true principle, for if the whole debt draws a dividend, the other creditors would have a right of subrogation so as to have the benefit of the collateral security. So the result would be the same; and we adopt the analogy in bankrupt cases where a creditor having collateral security is only allowed to prove the balance after exhausting the collateral security.

The decision will be modified accordingly, and the cost be paid out of the fund realized by a sale of the real estate.

This will be certified.

PER CURIAM.                                        Judgment accordingly.