LYDIA OVERTON, widow of Mitchell Overton, v. J. L. HINTON,
C. L. HINTON and the heirs at law.

(Decided October 10, 1898).

### Dower.

A widow entitled to dower right, *sub modo*, in land purchased by her
deceased husband, but not fully paid for at his death, which may
be asserted in the following way: She can have her dower laid
off in the land, the remaining two-thirds may then be sold to pay
the balance due of the purchase money. If the proceeds of sale
are not sufficient, then the remainder in fee after the dower must
be sold, and the proceeds applied in the same manner. If a
balance still remains due on said debt, then and then only can the
dower itself be subjected thereto.

PETITION for dower instituted before the Clerk of the
Superior Court of CAMDEN County and transferred to

123—1

the Court at Term for the trial of an issue of fact involving the widow's right to dower, tried before *Norwood, J.*, at Spring Term, 1898.

His Honor intimated, that upon the showing made the petitioner could not recover—thereupon she excepted, submitted to a non-suit, and appealed.

### STATEMENT.

After statement of the case, as follows, before *Norwood, J.:* The plaintiff is the widow of the late Mitchell Overton, and filed her petition before the Clerk for dower, alleging that her husband died seized in fee simple of the tract of land.

In the answer it is alleged that John L. Hinton was the owner in fee of the land and had agreed to sell the same to Mitchell Overton for $10,000; that Overton executed notes in the sum of $10,000 payable to said Hinton, and secured the same by a deed of trust on the land, and that the defendant C. L. Hinton was the trustee in the deed; that the notes were given to represent the purchase money of the land; that Overton failed to pay the same and the trustee sold the land under the power contained in the deed and defendant J. L. Hinton became the purchaser on November 23, 1896; that petitioner is not entitled to dower in said land, and that defendants go without day.

The plaintiff replying to the answer said that the purchase money for the land was to be paid for by Mitchell Overton, securing insurance policies on his life to the amount of $10,000 as she is informed, and complied with his part of the contract; that said Hinton sold the land to Mitchell Overton, and agreed to accept in payment of the same the two policies of insurance upon the life of Mitchell Overton for $5,000 each, to be delivered

to J. L. Hinton, and said Overton to keep the premiums paid; that the policies were secured and assigned as aforesaid in compliance with the agreement, and that said Hinton has collected $5,000 from the Penn Mutual Life Insurance Co , on one of said policies, and plaintiff does not know what amount he has collected from other sources and policies; that at the time plaintiff's husband purchased the land from Hinton it was fully understood that the farm was not worth $10,000, and in truth the lands were not worth more than three or four thousand dollars and that Hinton well knew the value thereof, and that he had received from said Overton $5,000 on the policy in The Penn Mutual, which is more than enough to pay for the land; that it was mutually agreed that the mortgage and notes were only to be held by Hinton to require Mitchell to pay the premiums on the policies and the policies were to cancel the notes at the death of Overton.

An issue of fact as to whether plaintiff was entitled to dower as alleged in the petition was raised before the Clerk and the cause was sent to the Superior Court for trial, where upon intimation by the Court that plaintiff could not recover upon the record and evidence, the plaintiff submitted to a non-suit and apppealed.

Case:  Plaintiff introduced the deed of J. L. Hinton to Mitchell Overton, dated October 10, 1892, for the land described in the petition, and plaintiff testified in her own behalf that Mary, William and Susan Overton are the only children of her deceased husband and that the land mentioned in the deed is the same as that described in the petition; that the summons was issued November 16, 1896.

Defendant introduced a deed of trust from Overton to C. L. Hinton, trustee, dated October 10, 1892, convey-

ing the same land set out in the petition; also deed from Hinton, trustee, to J. L. Hinton, dated November 24, 1896, for the land described in the petition; plaintiff objected, objection overruled and plaintiff excepted. The bond for the purchase money dated October 7, 1892, for $10,000 signed by Overton and payable to Hinton was also introduced, with sundry credits endorsed thereon, to-wit, July 9, 1894, $48.19—on May 6, 1896, $110—on November 20, 1896, $5,000 from life insurance.

Plaintiff was again introduced in her own behalf and testified that she was present in November when the sale was made and that she objected to the same, and that the trustee was not present. She then proposed to prove that she objected to the sale and that if he did sell he should first sell two-thirds of the land, then the remainder after the dower, and lastly the dower interest. Defendant objected, objection sustained and plaintiff excepted. J. L. Hinton directed the sale; the land was sold in one body and bid off by J. L. Hinton. The plaintiff did not know who cried the property at the sale—her attorney was present representing her.

Jesse Overton was introduced for plaintiff and testified: "I was present at the sale. William Morris was the man who cried the sale. J. L. Hinton was present and bid it in. Mrs. Overton objected to the sale. J. L. Hinton told Morris to sell the land." Petitioner offered to prove by this witness that plaintiff objected to the sale and demanded that if it was sold, it should be sold as indicated above. Defendant objected, sustained, plaintiff excepted. None of the Hintons were present at the sale except J. L. Hinton. Plaintiff's attorney objected for her when J. L. Hinton said "You need not object, I will sell it."

Defendant introduced W. R. Dozier, who testified "I got a note from C. L. Hinton, trustee, asking me to sell the property. In pursuance of this request I procured a commission to sell the same. I wrote the notice of sale and got some one to cry. the property. I feel sure that it was W. S. Bartlett who cried the sale. The notice of sale was introduced. J. L. Hinton brought me the note. C. L. Hinton is J. L. Hinton's son. I asked J. L. Hinton if he was ready to have the sale."

W. S. Bartlett, introduced for defendant, said that he made the sale of the property in controversy and that the attorney for plaintiff objected on the ground that the debt was paid. Dozier asked him to cry the sale for him. I don't think J. L. Hinton said anything to me about it. The plaintiff asked the Court to be allowed to withdraw the reply, as the plaintiff had not introduced any evidence showing the payment, and that there was a suit in ejectment now pending in court for the land. The Court declined to allow the reply to be withdrawn and intimated upon all the evidence that plaintiff could not get along and that he would charge the jury to answer the issue "No." Plaintiff excepted and submitted to a non-suit and appealed.

*Mr. E. F. Aydlett*, for petitioner.
No counsel *contra*.

DOUGLAS, J.: This was a special proceeding for the assignment of dower. Upon the trial in the Superior Court his Honor intimated that the plaintiff could not recover. Thereupon the plaintiff submitted to a non-suit and appealed. Summons for the defendants were issued to Camden County on the 16th day of November, 1896, and to Pasquotank County on the day follow-

ing. On the 23rd day of November, after the issue of summons but before its return day, the defendant C. L. Hinton, through some one else, sold the land in question under a deed of trust executed during his life by the husband of the petitioner to secure the purchase money of the land. At this sale the defendant, J. L. Hinton, bought the land, which was sold as a whole. The petitioner publicly objected to the sale. The said J. L. and C. L. Hinton, the latter the trustee and the former the creditor and purchaser, are the only real defendants in the case, as the heirs at law made no objection to the assignment of dower. The defendants Hinton answered setting up the original purchase of the land, the deed of trust, its default and sale thereunder. The plaintiff replied, alleging other matters, which can-not be considered, as the reply was abandoned at the trial. The plaintiff, however, insisted that she was entitled to the exoneration of her dower to the extent that the undowered land should be first sold, and then the fee in remainder after her dower, leaving the dower itself unsold unless necessary after the complete exhaustion of the other sources. To this, we think, she was clearly entitled. *Thompson* v. *Thompson*, 46 N. C., 430; *Caroon* v. *Cooper*, 63 N. C., 386; *Smith* v. *Gilmer*, 64 N. C., 546; *Creecy* v. *Pearce*, 69 N. C., 67; *Ruffin* v. *Cox*, 71 N. C., 253; *Askew* v. *Askew*, 103 N. C., 285.

The sale of the land after the commencement of proceedings and over the protest of the plaintiff does not help the defendants, and the sale must be set aside. The plaintiff petitioner is entitled to have her dower laid off in the lands in question, the remaining two-thirds of which may then be sold to pay the balance due on the debt secured by the deed of trust. If the proceeds of sale are not sufficient, then the remainder in

fee after the dower must be sold, and the proceeds applied in the same manner. If a balance still remains due on said debt, then and then only can the dower itself be subjected thereto. There is error in the intimation of the Court.

New trial.