VIRGINIA-CAROLINA CHEMICAL COMPANY v. L. E. WALSTON, ADMR., W. M. MOORE, DECEASED, AND SUE K. MOORE.

(Filed 31 May, 1924.)

1. Partnership—Debtor and Creditor—Individual Liability—Statutes.

Under the provisions of our statute, C. S., 3259, the liability of each partner for the firm's debts is made both joint and several, and the English equitable doctrine that requires the firm's creditors to exhaust the partnership assets and then call in aid the property of the individual partner for the unpaid balance of the firm's debts no longer obtains in this jurisdiction. As to whether the individual and private creditors of a deceased partner are entitled to share ratably with the creditors of the partnership in the deceased partner's interest in the firm assets, *quere?*

2. Dower—Husband and Wife.

Dower is the life estate to which every married woman is entitled, upon the death of her husband intestate, or in case she shall dissent from his will, to one-third in value of all the lands, tenements and hereditaments, both legal and equitable, of which her husband was beneficially seized, in law or in fact, at any time during coverture, and which the issue, had she any, would have inherited as heir to her husband; and this right is not subject to the claims of his creditors. C. S., 4098.

3. Same—Debtor and Creditor—Liens—Mortgages—Equity.

In the settlement of an insolvent estate of a deceased person leaving a widow, where several tracts of land, mortgaged and otherwise, are involved, the mortgagee of lands insufficient to pay his lien, after a sale subject to the widow's dower, may, as to the balance remaining due, share ratably with other debts to be paid out of the personal property of the decedent, and should any balance be then due him, it is a charge to the extent of the residue unpaid, upon the dower land embraced in his mortgage, but not upon the dower in any other lands; and the widow takes her dower in each tract separately and works out her equity against each mortgagee as he seeks to enforce his mortgage lien.

4. Same—Liens—Collateral Security.

Where the wife joins in the mortgage of her husband on his lands, she conveys her right of dower in the entire tract of land described in the instrument, as a collateral security for the payment of his mortgage debt; and by executing the mortgage her inchoate right of dower is not reduced to the amount of the mortgage debt, and after her husband's death her right of dower extends to the entire tract embraced in the mortgage.

**5. Same—Administration—Personal Assets.**

Where the wife has executed a mortgage with her husband on his lands and he dies, leaving an insolvent estate, the unsecured creditors are entitled to have the mortgagee exhaust the collateral security by a sale of the excess over the dower of his surviving widow before prorating in the personal estate, reducing the mortgage debt to that extent, and should there then remain anything due on his mortgage debt, it may be collected out of the widow's dower in the lands described in the conveyance.

**6. Same.**

Where the estate of the deceased husband is insolvent and his widow has joined with him in mortgaging his land, and the sale of the lands is insufficient to pay the mortgage debt, the widow becomes *ipso facto* a creditor of her husband, to the extent of the value of her dower in the lands so sold, not subject to the claims of unsecured creditors of his estate.

**7. Same—Conversion.**

Where the wife has joined with her husband in mortgaging his lands, the proceeds of the sale of the mortgaged lands after his death, the wife surviving him, to the extent of the value of her dower therein, attaches to the fund arising from said sale, which, *pro hac vice*, is still to be deemed real estate.

**8. Same—Purchase Money—Mortgages.**

To the extent of a mortgage debt on lands given for the purchase money, and registered at once, the title does not rest in the purchaser for any appreciable time but passes through his hands without stopping and immediately vests in the mortgagee free from a lien of any character existing against the purchaser; and while the *title* of such mortgagee is superior to the widow's dower, she is entitled therein against the rights of other creditors of her deceased husband's estate, *sub modo*, to the value of the lands.

APPEAL by plaintiff and defendants from *Bond, J.,* at chambers, Rocky Mount, 12 March, 1924. From EDGECOMBE.

Controversy without action. The essential facts agreed are as follows:

1. Corbett & Moore was a partnership composed of R. L. Corbett and W. M. Moore, and prior to 21 March, 1923, did a mercantile business in Macclesfield, N. C.

2. W. M. Moore, a member of said firm, died on 21 March, 1923, and L. E. Walston duly qualified as administrator of his estate.

3. After the death of W. M. Moore, J. S. Howard and R. L. Corbett were appointed receivers of the partnership assets of Corbett & Moore, and they are now duly administering same under orders of court.

4. The partnership firm of Corbett & Moore is indebted to the plaintiff in the sum of $12,357.84; and the full amount of said claim has been filed with the receivers and also with the administrator of the estate of W. M. Moore, deceased.

5. The assets of Corbett & Moore are not sufficient to pay more than 35 per cent of the claims of the partnership creditors, and R. L. Corbett, the surviving partner, is insolvent.

6. W. M. Moore died seized and possessed of several lots or tracts of land in which his widow, the defendant Sue K. Moore, was entitled to dower; but the same were encumbered by deeds of trust in excess of their value, except a one-half interest in one lot in Macclesfield. All of said tracts of land have been sold at foreclosure sales under the respective deeds of trust. Two of said lots were conveyed to B. T. Pittman, trustee, to secure balance of purchase price of $8,200.00 on said lots, and brought only $7,600.00 at trustee's sale. Sue K. Moore joined in the execution of all the deeds of trust, relinquishing her dower interests therein.

7. The estate of W. M. Moore, deceased, will not exceed $9,000.00 in value; his individual debts amount to approximately $3,000.00, and the liabilities of the partnership firm of Corbett & Moore will exceed $62,000.00.

8. The defendant, Sue K. Moore, has filed a claim with the administrator for what she alleges to be the present cash value of her dower interest in the several tracts of land sold under the trust deeds as aforesaid, estimating such dower upon the basis of the value of the several tracts as fixed by such sales.

Upon the facts agreed, it was adjudged by the court:

"1. That the claim of the plaintiff against Corbett & Moore, which has been filed with the administrator of W. M. Moore, is entitled to prorate in the assets of the estate of W. M. Moore with the individual, open, unsecured creditors of W. M. Moore upon such portion of such claim as shall remain unpaid after first crediting thereon all dividends received from the estate of Corbett & Moore, the copartnership primarily owing the same, *i. e.,* that such claim is allowable against the estate of W. M. Moore only to the extent of the balance due thereon after crediting dividends received in the settlement of the partnership estate of Corbett & Moore.

"2. That the indebtedness against the two tracts of land conveyed by W. M. Moore to B. T. Pittman, trustee, being for purchase money and the indebtedness being in excess of the value of the land, the defendant, Sue K. Moore, widow of W. M. Moore, is not seized of such a dower interest therein as would entitle her to prove any claim against her deceased husband's estate by reason of the foreclosure sale of said land under said trust deed.

"3. That as to the other parcels of land, the defendant, Sue K. Moore, is entitled to have the present cash value of her dower interest therein ascertained without respect to the mortgages thereon, such present cash

value to be ascertained upon the basis of the value of such land at the time of the death of W. M. Moore, and to have her claim for dower in the amount of the present cash value thereof as so ascertained allowed as an open, unsecured claim against the estate of W. M. Moore, and she is entitled to prorate thereon with the other open, unsecured creditors of W. M. Moore.

"4. That the defendant, Sue K. Moore, has not waived her right to dower and is in nowise estopped to set up and claim reimbursement out of the personal estate of W. M. Moore on account of the sale of her dower interest under the several trust deeds signed by her for the purpose of releasing her dower interest as security for the payment of the several amounts secured by such trust deeds, but that such claim has no priority over the other unsecured claims against the estate of W. M. Moore, deceased."

Upon exceptions duly entered, both sides appeal, assigning errors.

*M. V. Barnhill for plaintiff.*
*W. O. Howard for defendants.*

PLAINTIFF'S APPEAL.

STACY, J.   There are only two questions presented by plaintiff's appeal, and they arise upon the following exceptions and assignments of error:

"1. For that his Honor erred in holding that the claim of plaintiff is allowable against the estate of W. M. Moore only to the extent of the balance due thereon after crediting dividends received in settlement of the partnership estate of Corbett & Moore.

"2. For that his Honor erred in holding that the defendant, Sue K. Moore, has not waived her dower right."

It is the general rule in equity that partnership creditors are entitled to have the partnership assets first applied to the payment of the debts of the partnership, and the separate and private creditors of the individual partners are entitled to have the separate and private estate of the partners, with whom they have made individual contracts, first applied to their debts. The individual property of the respective partners is not to be applied in extinguishment of partnership liabilities until the separate and individual creditors of said partners have been satisfied, so that neither class of creditors may be allowed to trespass on the fund primarily liable to the other, until the claims of that other shall have been paid in full. Thus, only the excess of either fund would go in aid of the other; and this upon the principle that joint creditors should first look to the joint estate, and individual creditors to the separate estate of the partners, as joint creditors have presumably ex-

tended credit upon the faith of the firm assets and the individual creditors on the faith of the separate estates of the respective partners. *Hassell v. Griffin,* 55 N. C., 117; 20 R. C. L., 1026.

But this reasoning does not obtain with respect to general partners where, by statute, as with us, they are made jointly and severally liable for the debts of the partnership, for the very good reason that the force and effect of the statute, to all intents and purposes, is to convert the creditors of the firm into individual creditors of each member of the partnership. C. S., 3259; *Norfleet v. Ins. Co.,* 160 N. C., 327; *Allen v. Grissom,* 90 N. C., 90; *Mode v. Penland,* 93 N. C., 292; *Hassell v. Griffin, supra.* Hence, where the liability of partners is both joint and several, the inference is entirely permissible, and so understood among our merchants and in business circles, that credit is extended quite as often upon the reputed solvency of the individual members of a partnership, as upon the strength of the assets of the firm.

Speaking to this question in *Rankin v. Jones,* 55 N. C., 169, *Pearson, J.,* said: "In *Hassell v. Griffin, ante,* 117, it is decided that the English doctrine, *i. e.,* where, in consequence of the death or bankruptcy of a partner, a fund composed of the effects of the firm and individual effects is to be applied under the direction of a court of equity, the firm creditors are first to be paid out of the effects of the firm and the individual creditors out of the individual effects, the excess of either fund, if any, going in aid of the other, is so far affected by our statute making all contracts joint and several, and giving an action at law against the personal representative of a deceased joint obligor, that in this State individual creditors have no equity to insist that the individual effects shall be first applied to the payment of their debts. Whether the other branch of this doctrine obtains here, so as to give firm creditors an equity in regard to firm effects, is a question that we are not now called on to decide, because the doctrine, even in England, is not applicable to a case like that now under consideration."

And in *Hassell v. Griffin,* 55 N. C., p. 119, the same learned Justice further observed: "So, according to our law, a creditor of the firm is under no necessity of coming into equity, and of course the court of equity has no right to impose any terms upon him; and it is also a matter of course that a court of equity cannot, at the instance of an individual creditor, interfere and direct that the two funds should be applied, the one to pay firm debts in the first instance and the other to pay individual debts in the first instance, and the surplus of either fund to come in aid, for the plain reason that by the force and effect of the statute a creditor of the firm is made, to all intents and purposes, an *individual creditor of each member of the firm.*

"It being the pleasure of the makers of our law to put the creditor of a firm upon the footing both of a creditor of the firm and a creditor of each and every one of the members of the firm, the English doctrine can have no application, for the very ground upon which it is built is taken away, and a creditor of a firm, under our law, must be supposed to deal as well upon the credit of each member of the firm as of that of the firm, because he has a direct legal remedy against each and all of them."

Where the liability of general partners is joint and several, and the firm assets are not sufficient to pay the firm debts, the creditors of the partnership are entitled to have their claims allowed in full, both as against the assets of the firm and also as against the individual assets of a partner, to the end that they may thus concurrently enforce the two liabilities and obtain their ratable share of each fund. See *In re Peck,* 206 N. Y., 55. This rule is stated by *Walker, J.,* in *Chemical Co. v. Edwards,* 136 N. C., p. 76, as follows: "If a creditor has a right to resort to a fund which is open to him alone, he shall not be thereby precluded from coming in upon the assets of an insolvent estate which are common to all the creditors of the deceased debtor and obtaining a dividend on the full amount of his debt, subject to the common sense and necessary qualification that he does not receive more than the sum due."

It follows, therefore, that plaintiff's first exception, to the extent above indicated, must be sustained.

As to whether the individual and private creditors of the deceased partner, W. M. Moore, are entitled to share ratably with the creditors of the partnership in the deceased partner's interest in the firm assets, as well as in the separate assets of the estate of the deceased partner, is not before us for decision, and we refrain from any discussion of the matter. A determination of this question would call for a consideration of the rights of the surviving partner as well as those of the firm creditors, and the point is not raised by any exception appearing on the present record.

Plaintiff's second exception and assignment of error must be overruled as there is nothing in the facts agreed to show any waiver, on the part of Sue K. Moore, widow of W. M. Moore, of her right to dower. *Trust Co. v. Stone,* 176 N. C., 270; *Lee v. Giles,* 161 N. C., 541.

Error.

DEFENDANTS' APPEAL.

STACY, J. The questions presented by the appeal of the defendants arise upon the following exceptions and assignments of error:

"1. For that his Honor erred in holding that the claim of Virginia-Carolina Chemical Company against the partnership of Corbett & Moore

should prorate with the individual, open and unsecured claims against the estate of the deceased partner, W. M. Moore, after crediting thereon the dividends from the estate of Corbett & Moore.

"2. For that his Honor erred in holding that Sue K. Moore, widow of W. M. Moore, was not entitled to prove her claim for the value of her dower interest in the land conveyed to B. T. Pittman, trustee, to secure purchase money."

It follows from what is said above, in disposing of plaintiff's appeal, that the defendants are not in position to complain at the court's ruling in regard to allowing plaintiff's claim to share ratably with the claims of individual creditors in the separate estate of W. M. Moore, the deceased partner. This exception, therefore, must be overruled.

The second exception and assignment of error presents a more difficult question.

Dower, under our statute, is the life estate to which every married woman is entitled, upon the death of her husband intestate, or in case she shall dissent from his will, to one-third in value of all the lands, tenements and hereditaments, both legal and equitable, of which her husband was beneficially seized, in law or in fact, at any time during coverture, and which her issue, had she had any, might have inherited as heir to the husband. *Pollard v. Slaughter,* 92 N. C., 72; *Allen v. Saunders,* 186 N. C., 349; *Thompson v. Thompson,* 46 N. C., 430; C. S., 4100, and cases cited thereunder. See, also, *Corporation Commission v. Dunn,* 174 N. C., 679. And it is further provided, by C. S., 4098, that the dower or right of dower of a widow, and such lands as may be devised to her under her husband's will, if such lands do not exceed the quantity she would be entitled to by right of dower, although she has not dissented from such will, "shall not be subject to the payment of debts due from the estate of her husband, during the term of her life."

In the settlement of insolvent estates, involving the rights of creditors, secured and unsecured, and those of a widow, it would seem that the creditors are entitled to a sale of the two-thirds of land, not embraced in the dower, and the reversion in the one-third dower land, the proceeds of each sale to be applied first to the mortgage debt, or lien upon the particular tract, and any excess left after discharging said lien to go into the hands of the administrator as assets. But should any piece, at the sale of the interests aforementioned, bring less than enough to pay the mortgage encumbrance upon said tract, then the balance due on said lien would share ratably with other debts in the personal estate, or assets in the hands of the administrator; and if there still be any part of the mortgage debt unsatisfied, it would then be a charge, to the extent of the residue unpaid, upon the dower land embraced in the particular mortgage, but not upon the dower in any other lands. And the

widow must take her dower in each tract separately and work out her equity against each mortgagee as he seeks to enforce his security. It therefore follows that in determining the widow's dower, the value of the land, without deducting the mortgage debt, would form the basis of computation. *Caroon v. Cooper,* 63 N. C., 386; *Creecy v. Pearce,* 69 N. C., 67; *Gwathmey v. Pearce,* 74 N. C., 398; *Askew v. Askew,* 103 N. C., 285.

The widow's dower is not liable for the debts of her husband, except as she may charge the same by conveying her right of dower as collateral security for said debts or any part thereof. When a wife executes a mortgage with her husband she thereby conveys her dower in the property described therein as security for the payment of the debt mentioned in the mortgage. *Gore v. Townsend,* 105 N. C., 232. Prior to the execution of any mortgage the wife's inchoate right of dower was in the whole land. The fact that she executes the mortgage does not reduce her dower right to the excess over and above the mortgage encumbrance, but her dower in the whole tract is conveyed as security for the payment of the debt. The husband's "legal rights of redemption and equities of redemption" (C. S., 4100) were in the whole tract, and hence the widow's claim for dower extends to the whole tract.

Before the mortgagee can enforce his security against the widow's dower, after the death of the husband, he must first take his claim out of the personal estate of the deceased (the fund primarily liable), if there be sufficient assets to pay said debt. But if the estate be insolvent, the other creditors are entitled to have the mortgagee exhaust his collateral security by sale of the two-thirds of land not embraced in the dower and the reversion in the dower land before sharing in the personal estate, and the mortgagee's claim will be reduced by whatever amount he derives from the sale of his collateral security, and only the balance of his claim will then share ratably with the other creditors in the personal estate, and should this be not enough to pay the mortgage debt he would then be entitled to collect the residue of his claim out of the widow's dower in the land assigned as security for his debt.

It may be said that where the estate is insolvent, the unsecured creditors are entitled to have the mortgagee exhaust his collateral security, including his lien upon the widow's dower in said land, before sharing with them in the personal estate. This might be so but for the fact that the widow's dower is superior to the rights of unsecured creditors. And with respect to the personal estate, creditors have no priority of claim, except those allowed by C. S., 93, and the widow is entitled to dower as against unsecured creditors, devisees and legatees. *Creecy v. Pearce, supra; Campbell v. Murphy,* 55 N. C., 357.

We are not inadvertent to the provisions of C. S., 93, by which the personal representatives of a decedent are required to pay, as a first class, having priority over all others, the debts which by law have a specific lien on property to an amount not exceeding the value of such property. *Moore v. Byers,* 65 N. C., 240. But here the lien in question exceeds the value of the property, and the estate is insolvent.

It is also held with us that where the whole land, including the widow's dower, as in the instant case, has been sold under the mortgage or trust deed to pay the debt secured thereby, the widow becomes *ipso facto* a creditor of her husband's estate to the amount of the value of her dower in the land so sold. *Trust Co. v. Benbow,* 135 N. C., p. 312; *Gore v. Townsend,* 105 N. C., 228; *Gwathmey v. Pearce,* 74 N. C., 398. But as the widow's dower is not "subject to the payment of debts due from the estate of her husband," her claim as a creditor to the amount of the value of her dower in the land sold under mortgage or trust deed would be preferred over the claims of unsecured creditors, because her claim to the amount of the value of her dower therein attaches to the fund arising from said sale, which, *pro hac vice,* is still to be deemed real estate. *Creecy v. Pearce,* 69 N. C., 67; 19 C. J., 491.

The mortgage or trust deed under which some of the lands here in question were sold was a purchase-money mortgage, or trust deed given to secure the balance of the purchase price, and these lands were sold for less than the purchase-money encumbrance. Hence, it is the contention of the plaintiff that the defendant, Sue K. Moore, widow, of W. M. Moore, is not entitled to claim dower in these lands.

It is generally held that when a vendor conveys property and simultaneously takes back a mortgage to secure the payment of all or a part of the purchase price, and such mortgage is at once registered, the title to the property conveyed does not *rest* in the purchaser for any appreciable length of time, but merely passes through his hands, without stopping, and *vests* in the mortgagee. During such instantaneous passage no lien of any character held against the purchaser,. dower or homestead right, can attach to the *title,* superior to the right of the holder of the purchase-money mortgage. *Humphrey v. Lumber Co.,* 174 N. C., 520; *Hinton v. Hicks,* 156 N. C., 24; *Bunting v. Jones,* 78 N. C., 242. This does not change the relative position of mortgagor and mortgagee as between the purchaser and vendor of the land, but it simply gives to the holder of the purchase-money mortgage priority or precedence over other claims and liens held against the vendee, not upon the ground of any superior equity in the vendor or mortgagee *as such,* but simply upon the ground that the two instruments, having been executed simultaneously, are regarded in law as concurrent acts or as component parts of a single act. *Moring v. Dickerson,* 85 N. C., 466; *Weil v. Casey,* 125 N. C., 356.

In *Overton v. Hinton,* 123 N. C., 1, it was held that a widow was entitled to dower, *sub modo,* in land purchased by her deceased husband, but not fully paid for at his death, and upon which a trust deed had been executed during the lifetime of the husband to secure a part of the purchase price of the land. And to like effect was the holding in *Smith v. Gilmer,* 64 N. C., 546; *Thompson v. Thompson,* 46 N. C., 430; *Klutts v. Klutts,* 58 N. C., 80; *Love v. McClure,* 99 N. C., 290; *Howell v. Parker,* 136 N. C., 373.

"The law favors dower, and this Court has held, in *Caroon v. Cooper,* 63 N. C., 386, that the widow is entitled to have dower assigned out of the whole tract, and cannot be called upon until it is ascertained that the remaining two-thirds and the reversion in the one-third covered by her dower is insufficient to pay off the encumbrance of the purchase money." *Settle, J.,* in *Ruffin v. Cox,* 71 N. C., p. 256.

It follows, therefore, that the defendants' second exception and assignment of error must be sustained. The cases of *Rhea v. Rawls,* 131 N. C., 453, and *Bunting v. Jones,* 78 N. C., 242, are not at variance with this position.

Each side will pay its costs incurred on this appeal.

Error.