The questions presented by the appeal of the defendants arise upon the following exceptions and assignments of error:
"1. For that his Honor erred in holding that the claim of Virginia-Carolina Chemical Company against the partnership of Corbett 
Moore *Page 823 
should prorate with the individual, open and unsecured claims against the estate of the deceased partner, W. M. Moore, after crediting thereon the dividends from the estate of Corbett Moore.
"2. For that his Honor erred in holding that Sue K. Moore, widow of W. M. Moore, was not entitled to prove her claim for the value of her dower interest in the land conveyed to B. T. Pittman, trustee, to secure purchase money."
It follows from what is said above, in disposing of plaintiff's appeal, that the defendants are not in position to complain at the court's ruling in regard to allowing plaintiff's claim to share ratably with the claims of individual creditors in the separate estate of W. M. Moore, the deceased partner. This exception, therefore, must be overruled.
The second exception and assignment of error presents a more difficult question.
Dower, under our statute, is the life estate to which every married woman is entitled, upon the death of her husband intestate, or in case she shall dissent from his will, to one-third in value of all the lands, tenements and hereditaments, both legal and equitable, of which her husband was beneficially seized, in law or in fact, at any time during coverture, and which her issue, had she had any, might have inherited as heir to the husband. Pollard v. Slaughter, 92 N.C. 72; Allen v. Saunders, 186 N.C. 349;Thompson v. Thompson, 46 N.C. 430; C. S., 4100, and cases cited thereunder. See, also, Corporation Commission v. Dunn, 174 N.C. 679. And it is further provided, by C. S., 4098, that the dower or right of dower of a widow, and such lands as may be devised to her under her husband's will, if such lands do not exceed the quantity she would be entitled to by right of dower, although she has not dissented from such will, "shall not be subject to the payment of debts due from the estate of her husband, during the term of her life."
In the settlement of insolvent estates, involving the rights of creditors, secured and unsecured, and those of a widow, it would seem that the creditors are entitled to a sale of the two-thirds of land, not embraced in the dower, and the reversion in the one-third dower land, the proceeds of each sale to be applied first to the mortgage debt, or lien upon the particular tract, and any excess left after discharging said lien to go into the hands of the administrator as assets. But should any piece, at the sale of the interests aforementioned, bring less than enough to pay the mortgage encumbrance upon said tract, then the balance due on said lien would share ratably with other debts in the personal estate, or assets in the hands of the administrator; and if there still be any part of the mortgage debt unsatisfied, it would then be a charge, to the extent of the residue unpaid, upon the dower land embraced in the particular mortgage, but not upon the dower in any other lands. And the *Page 824 
widow must take her dower in each tract separately and work out her equity against each mortgagee as he seeks to enforce his security. It therefore follows that in determining the widow's dower, the value of the land, without deducting the mortgage debt, would form the basis of computation.Caroon v. Cooper, 63 N.C. 386; Creecy v. Pearce, 69 N.C. 67; Gwathmeyv. Pearce, 74 N.C. 398; Askew v. Askew, 103 N.C. 285.
The widow's dower is not liable for the debts of her husband, except as she may charge the same by conveying her right of dower as collateral security for said debts or any part thereof. When a wife executes a mortgage with her husband she thereby conveys her dower in the property described therein as security for the payment of the debt mentioned in the mortgage. Gore v. Townsend, 105 N.C. 232. Prior to the execution of any mortgage the wife's inchoate right of dower was in the whole land. The fact that she executes the mortgage does not reduce her dower right to the excess over and above the mortgage encumbrance, but her dower in the whole tract is conveyed as security for the payment of the debt. The husband's "legal rights of redemption and equities of redemption" (C. S., 4100) were in the whole tract, and hence the widow's claim for dower extends to the whole tract.
Before the mortgagee can enforce his security against the widow's dower, after the death of the husband, he must first take his claim out of the personal estate of the deceased (the fund primarily liable), if there be sufficient assets to pay said debt. But if the estate be insolvent, the other creditors are entitled to have the mortgagee exhaust his collateral security by sale of the two-thirds of land not embraced in the dower and the reversion in the dower land before sharing in the personal estate, and the mortgagee's claim will be reduced by whatever amount he derives from the sale of his collateral security, and only the balance of his claim will then share ratably with the other creditors in the personal estate, and should this be not enough to pay the mortgage debt he would then be entitled to collect the residue of his claim out of the widow's dower in the land assigned as security for his debt.
It may be said that where the estate is insolvent, the unsecured creditors are entitled to have the mortgagee exhaust his collateral security, including his lien upon the widow's dower in said land, before sharing with them in the personal estate. This might be so but for the fact that the widow's dower is superior to the rights of unsecured creditors. And with respect to the personal estate, creditors have no priority of claim, except those allowed by C. S., 93, and the widow is entitled to dower as against unsecured creditors, devisees and legatees. Creecy v.Pearce, supra; Campbell v. Murphy, 55 N.C. 357. *Page 825 
We are not inadvertent to the provisions of C. S., 93, by which the personal representatives of a decedent are required to pay, as a first class, having priority over all others, the debts which by law have a specific lien on property to an amount not exceeding the value of such property. Moore v. Byers, 65 N.C. 240. But here the lien in question exceeds the value of the property, and the estate is insolvent.
It is also held with us that where the whole land, including the widow's dower, as in the instant case, has been sold under the mortgage or trust deed to pay the debt secured thereby, the widow becomes ipso facto a creditor of her husband's estate to the amount of the value of her dower in the land so sold. Trust Co. v. Benbow, 135 N.C. p. 312; Gore v. Townsend,105 N.C. 228; Gwathmey v. Pearce, 74 N.C. 398. But as the widow's dower is not "subject to the payment of debts due from the estate of her husband," her claim as a creditor to the amount of the value of her dower in the land sold under mortgage or trust deed would be preferred over the claims of unsecured creditors, because her claim to the amount of the value of her dower therein attaches to the fund arising from said sale, which,pro hac vice, is still to be deemed real estate. Creecy v. Pearce69 N.C. 67; 19 C. J., 491.
The mortgage or trust deed under which some of the lands here in question were sold was a purchase-money mortgage, or trust deed given to secure the balance of the purchase price, and these lands were sold for less than the purchase-money encumbrance. Hence, it is the contention of the plaintiff that the defendant, Sue K. Moore, widow, of W. M. Moore, is not entitled to claim dower in these lands.
It is generally held that when a vendor conveys property and simultaneously takes back a mortgage to secure the payment of all or a part of the purchase price, and such mortgage is at once registered, the title to the property conveyed does not rest in the purchaser for any appreciable length of time, but merely passes through his hands, without stopping, andvests in the mortgagee. During such instantaneous passage no lien of any character held against the purchaser, dower or homestead right, can attach to the title, superior to the right of the holder of the purchase-money mortgage. Humphrey v. Lumber Co., 174 N.C. 520; Hinton v. Hicks,156 N.C. 24; Bunting v. Jones, 78 N.C. 242. This does not change the relative position of mortgagor and mortgagee as between the purchaser and vendor of the land, but it simply gives to the holder of the purchase-money mortgage priority or precedence over other claims and liens held against the vendee, not upon the ground of any superior equity in the vendor or mortgagee as such, but simply upon the ground that the two instruments, having been executed simultaneously, are regarded in law as concurrent acts or as component parts of a single act. Moring v. Dickerson, 85 N.C. 466;Weil v. Casey, 125 N.C. 356. *Page 826 
In Overton v. Hinton, 123 N.C. 1, it was held that a widow was entitled to dower, sub modo, in land purchased by her deceased husband, but not fully paid for at his death, and upon which a trust deed had been executed during the lifetime of the husband to secure a part of the purchase price of the land. And to like effect was the holding in Smith v.Gilmer, 64 N.C. 546; Thompson v. Thompson, 46 N.C. 430; Klutts v.Klutts, 58 N.C. 80; Love v. McClure, 99 N.C. 290; Howell v. Parker,136 N.C. 373.
"The law favors dower, and this Court has held, in Caroon v. Cooper,63 N.C. 386, that the widow is entitled to have dower assigned out of the whole tract, and cannot be called upon until it is ascertained that the remaining two-thirds and the reversion in the one-third covered by her dower is insufficient to pay off the encumbrance of the purchase money."Settle, J., in Ruffin v. Cox, 71 N.C. p. 256.
It follows, therefore, that the defendants' second exception and assignment of error must be sustained. The cases of Rhea v. Rawls,131 N.C. 453, and Bunting v. Jones, 78 N.C. 242, are not at variance with this position.
Each side will pay its costs incurred on this appeal.
Error.