E. RAMSEY, Administrator of John Ramsey v. W. C. RAMSEY.

(Decided December 23, 1898).

### Express Trust.

CIVIL ACTION heard upon exceptions to report of referee before *Hoke, J.*, at Spring Term, 1898, of the Superior Court of MADISON County.

The complaint alleged that the defendant as agent of the intestate, John Ramsey, had collected $1845 from one J. F. Tilson, and the sum of $50 from one William Edwards, and upon demand made refused to settle.

The answer alleged, that the defendant acting under authority in writing from the intestate, marked exhibit "*A*" filed as part of the answer, had collected $1818 and had fully disbursed to said John Ramsey and for his use all the monies that came into his hand as agent or trustee, as per itemized account appended—aggregating $1933.23 which amount included $50 paid to the widow, Drucilla Ramsey, since John Ramsey's death.

And the answer denies that the plaintiff, as administrator has any interest in the fund received by defendant under the paper writing referred to.

Exhibit "*A*" is copied into the opinion and is construed by the Court as creating an express trust, and not a mere agency, or implied trust.

The referee reported, that the defendant as agent of John Ramsey, intestate of plaintiff had received $1848 —and had properly paid out on his behalf the sum of $1842.98 and reported a balance due from him of $5.02 in favor of plaintiff, as administrator. The referee excluded the payment of $50 made by defendant to Drucilla Ramsey, widow, after the death of her husband.

Defendant excepted.

His Honor, at the hearing, sustained the exceptions, and found as a conclusion of law that the widow, now living, is the proper owner of any amount due at present by reason of this fund—and that the payment to her of the $50 was a proper payment and should be allowed—and adjudged that the defendant go without day and recover his costs.

Plaintiff excepted and appealed.

*Mr. W. W. Zachary*, for plaintiff (appellant).
*Messrs. Davidson & Jones*, for defendant.

FAIRCLOTH, C. J.: The question presented is whether W. C. Ramsey was an agent or trustee of John Ramsey, and that depends on the construction of the following written instrument marked "Exhibit A":

"Know all men by these presents that I, John Ramsey, have this day constituted and appointed W. C. Ramsey my lawful agent and attorney in fact with full power and authority to do and transact all of the business hereinafter named; that is to say, the said W. C. Ramsey is to prosecute in my name a suit I have commenced against R. J. Sams for a certain tract of land and to have authority to have the deed to the same made to himself, said W. C. Ramsey, and is hereby directed that out of the proceeds of the sale of said lands, which the said W. C. Ramsey is hereby authorized to make, the said W. C. Ramsey is to maintain me and my wife Drucilla, or the survivor of us during our natural life or the life of the survivor of us, and then at the death of the survior of us, to use the balance of the proceeds of said lands, if any is left, to payment of such of my children as have not been so much advanced as the others, so as to make my advancements to them agree, the said W. C. Ramsey is to

his trouble and expenses in every way paid off and dis-
charged of once about the business where named.

Given under my hand and seal this 31st of Au-
gust, 1880.

(Signed)     JOHN RAMSEY, (Seal.)

(Signed)     J. M. GUDGER, (Seal.)

After the pleadings were filed a reference was ordered
to state an account between the parties. The referee
reported and found that a small balance was due the
plaintiff. He also held that under exhibit "A" W.
C. Ramsey was an agent of John Ramsey, who is dead
leaving him surviving his wife and children. The de-
fendant filed exceptions to the report and they were
sustained by his Honor, who entered the following
judgment, after allowing one or more payments made
by the defendant since the death of John Ramsey:

"It is agreed in open court that the money claimed
by the plaintiff in this suit went into the hands of de-
fendant under and by virtue of the power of attorney
and instrument alleged in and annexed to the answer.
The Court sustains the exceptions of the defendant,
and further finds as a fact that there was no demand
for settlement or termination of agency during the life-
time of John Ramsey, the intestate, but demand was
made by the administrator before bringing this suit.

The Court further finds that defendant did not re-
ceive entire amount charged against him by $25 (see
evidence of Tilson), and is therefore entitled to an addi-
tional credit for that amount, and that defendant was
in no default, but in exercise of ordinary care and pru-
dence in not litigating about the same with Tilson.

The Court therefore sustains all of defendant's excep-
tions, and finds as conclusions of law that the widow of

John Ramsey, now. living, is proper owner of any amount due at present by reason of this fund.   That .the payment of fifty dollars to said widow is a proper payment and should be allowed.   That defendant is entitled to an additional credit of $25, the evidence showing that said amount of the compromise money was not received by him, and it is ordered and adjudged that defendant go without day and recover of plaintiff and sureties on his bond [and] costs of the action to be taxed by the Clerk, including the sum of $20 to referee."

On the back of the case on appeal is the following endorsement:   "I accept service of the written case on . appeal, this the 13th day of April, 1898. . . .   I agree that the judgment of the Court is the case in Supreme Court, August 13, 1898.   J. S. McElroy, atty. for def." The defendant elected to take the proceeds of the sale of the land involved in the suit with Sams, instead of taking title to himself.   If Exhibit A is construed as only an agency, the plainly expressed intention of John Ramsey would be defeated.   Treating it however, as a trust, the intention can be fully enforced.   Exhibit A is a plain *express* trust reduced to writing, and does not fall within the class of *constructive* trusts referred to in *Wood* v. *Cherry*, 73 N. C.; 110.   This is our conclusion in any point of view we can take.   That view gives full .effect to the kind intention of the husband and father, and it seems that in *justice* it should be so considered.

Affirmed.