RHEA v. RAWLS.

(Filed December 9, 1902.)

DOWER—*Trust Deed—Equity of Redemption.*

Where an owner of land subject to a deed of trust, to secure two notes, conveys it to another person, subject to the payment of the notes, and such person, as a part of the same transaction, gives a trust deed as security for the payment of the two notes and gives his own notes in place of said notes, these notes being surrendered to the original owner of the land, the widow of the original grantee has no right to dower after the foreclosure of the deed of trust.

ACTION by Harriet E. Rhea against R. R. Rawls and others, heard by Judge *M. H. Justice* and a jury, at June Term, 1902, of the Superior Court of BUNCOMBE County. From a judgment for the defendants, the plaintiff appealed.

*W. J. Peele* and *G. A. Shuford,* for the plaintiff.
*Merrimon & Merrimon,* for the defendant.

FURCHES, C. J.   This is a proceeding for dower, in which plaintiff seeks to have dower assigned her as the widow of H. K. Rhea, commenced before the Clerk, and transferred to term for trial upon issues involving plaintiff's right to dower in an undivided half of the Swannanoa Hotel property.

M. E. Carter was the owner of this property, subject to a deed of trust to I. G. Martin, to secure the payment of two notes—one due Norcop of $5,022.00 and one to Buchanan of $700.00.   And on the 1st day of September, 1883, he sold, and he and his wife conveyed the one-half interest he owned to the said H. K. Rhea, subject to the payment of the Norcop and Buchanan debts.   This is expressly stipulated in the deed from Carter and wife to Rhea.   And at the same time, and as a part of the same transaction, Martin, trustee, took a trust deed from Rhea as security, for the payment of the two

notes to Norcop and Buchanan, Rhea giving his own notes in place of the Carter notes, which Martin surrendered to Carter. These notes were not paid. Martin sold, and the defendant, Rawls, became the purchaser, paying a full fee simple price, and Martin, the trustee, made him a deed.

The plaintiff can not recover. The deed from Carter to H. K. Rhea conveyed the property subject to the payment of the two notes held by Martin as trustee, which constituted a trust on the property conveyed for their payment. This was expressly stipulated in the deed from Carter. It would have been necessary to enforce this trust by a decree of Court, as there was no power of sale. But Rhea's deed to Martin contained a power of sale, and we think supplied the want of such power in the deed from Carter, as both deeds were made at the same time, and were a part of the same transaction.

But at the time Carter conveyed to Rhea, he only had the equity of redemption, the legal estate then being in the trustee, Martin. *Parker v. Beasley,* 116 N. C., 1; 33 L. R. A., 231. Therefore, Rhea never held the legal title to said property. It did not even pass through him, as it did in *Bunting v. Jones,* 78 N. C., 242. But it is said a widow may be endowed of an equitable estate. This is so where the husband has an equity that he could enforce, if living. But in this case he had none that he could enforce, as he took the title subject to the payment of these debts of Norcop and Buchanan, which were paid by a sale under the deed of trust, with the defendants' money. And as the husband would have had no equity, the plaintiff has none, as it can not be contended that the Carter debts to Norcop and Buchanan were paid by the substitution of Rhea's notes for those of Carter. Again, it appears that the deed from Carter and wife to Rhea, and the change of notes, and the new trust deed of Rhea to Martin for that of Carter, were all a part of the same transaction; that the notes of Norcop and Buchanan

furnished the purchase-money to Carter, and that Rhea never paid a dollar of it, so the case of *Bunting v. Jones* applies in full force, and the plaintiff can not recover for the reasons given in that case.

Affirmed.