A. G. GILMORE et al. v. W. R. SELLARS et al.

(Filed 23 October, 1907).

**Wills—Devise—Estates for Life—Dower.—Remainder—Rule in Shelly's Case.**

A devise to J. P. of lands, etc., for the sole use and benefit of E. R. and his family, and the whole of the property at the death of E. R. "to belong to his lawful heirs, share and share alike," conveys only a life estate in the lands to the first taker, with no right of dower in his widow, and with the remainder to the heirs, *per capita*, as purchasers under the will.

CIVIL ACTION, tried before *Councill, J.,* at February Term, 1907, of the Superior Court of ANSON County.

This is a special proceeding, instituted in the Superior Court of Anson County, wherein the petitioner, L. H. Gilmore, seeks to have dower allotted to her in the lands described in the petition.    Defendants answered, and the cause came on for hearing before the Clerk, and, by appeal, to the Judge presiding.

The material facts appearing upon the petition and answer are: Elijah Ratliff, by his last will and testament, devised the land in controversy and several negro slaves to John P. Ratliff, upon the following trusts, to-wit: "For the sole use and benefit of my son, Eli Ratliff, and his family; said prop-

erty to be entirely under the control of my son-in-law, John P. Ratliff, in such manner as not to be subject to any of his debts, contracts, liabilities or encumbrances whatever, and the whole of the above-mentioned property, with all of its increase, at the death of my son, Eli Ratliff, to belong to his lawful heirs, share and share alike." Eli Ratliff intermarried with *feme* petitioner, and died during the year 1884, leaving surviving the defendants, his children and heirs at law, who took possession of the lands, and, together with those of the defendants, who are grantees of some of the children, have been in possession since that time. Partition was had in 1890. Petitioner, after the death of Eli, intermarried with A. G. Gilmore.

His Honor, being of the opinion that petitioner was not entitled to dower, affirmed the judgment of the Clerk. Petitioner appealed.

No counsel for plaintiffs.
*H. H. McLendon* for defendants.

CONNOR, J., after stating the facts: It is immaterial whether the trust declared in the will was, during the life of Eli Ratliff, active and not executed by the statute, or whether it was passive, in which case, by the operation of the statute, the legal title vested in Eli. The right of the petitioner to dower depends upon the estate which her husband took under the will. It is clear that, if the words "share and share alike" had not followed the words "to belong to his lawful heirs," he would, under the rule in *Shelly's case,* have taken a fee simple. While there are no words expressly limiting his interest to a life estate, that it was the intention of the testator to do so is manifested by the use of the words "after the decease of my son, Eli Ratliff, to belong to," etc. The exact question was decided by this Court in a well-sustained opinion by *Judge Ashe* in *Mills v. Thorne,* 95 N. C., 362. There the limitation to the heirs of the devisee was followed by the words "to

share and share equally." The learned Justice, after review-ing the adjudged cases, says: "The consideration we have given the question leads us to the conclusion that the rule in *Shelly's case* does not apply in this case; that the words 'to share and share equally' indicate an intention on the part of the testator to give the property to his sister and her heirs, * * * to be divided between them as tenants in common, * * * to be distributed *per capita* between such persons as may bring themselves under that description when the life estate terminated." The "lawful heirs" of Eli Ratliff take *per capita* as purchasers under the will of their grandfather, thus limiting his interest to a life estate, to which, of course, no right to dower attached.

His Honor's judgment was correct, and must be

Affirmed.