LOUIS J. PARKER ET AL. v. CHARLIE PARKER ET AL.

(Filed 9 October, 1918.)

1. Pleadings — Admissions — Lands — Divisional Lines—Lappage—Adverse Possession—Title.

　　Pleadings will be liberally construed; and where the plaintiff has alleged the line of his senior grant as the true one in dispute between his own lands and those of the defendant adjoining them, and the answer alleges there is no lappage of that line with the line given in his junior grant; and, further, that he owns the land on both sides of that line, he is not confined by his pleadings to the location of the line described in plaintiff's grant, but may show title, by adverse possession, to the *locus in quo* beyond.

2. Costs—Partial Recovery—Dividing Line—Lands.

　　Where the plaintiff has recovered a part of the lands claimed by him, in an action depending upon the establishment of the true line between his land and those of the defendant adjoining them, the latter is properly taxable with the costs. *Swain v. Clemmons,* 175 N. C., 240, cited and applied.

APPEAL by both parties from *Devin, J.,* at August Term, 1918, of ONSLOW.

This is a processioning proceeding, to establish a line between the plaintiffs and defendants.

The plaintiffs allege the ownership of a certain tract of land, described by metes and bounds, and embraced in the Enoch King grant, and that defendants claim land upon the western side of the King grant, lying over and lapping on the lands of the plaintiffs.

　The defendants, among other things, say, in their answer:

"3. They claim and own land lying upon the western side of the Enoch King patent, and deny that there is any lappage whatever by the lands owned by these defendants on plaintiffs, for that he does not own any land covered by defendant's title, and these defendants further say that W. D. Parker owns a part of the Enoch King patent land, to wit, a one-twelfth undivided interest therein, and, except as herein admitted, said third paragraph is denied.

"4. That defendant, W. D. Parker, claims and owns land lying on

PARKER *v.* PARKER.

both the eastern and western side of the line set out therein and claimed by plaintiff, and said defendant further says that plaintiff has no such line and does not own the land therein claimed by him, and, except as herein admitted, said fourth paragraph is denied."

The land was surveyed and plat made, as follows:

(See plat on next page.)

The plaintiffs connect with and claim under the Enoch King grant. The parcel of land in dispute is that represented on the map from the point 1 along the line 1 to 7 to its intersection with the line B C; thence to C; thence to D, and thence to 1. And, later, O. J. Parker became a party to the action and connected himself with the Enoch King patent and claimed the land included from the intersection of the line 1 to 7 with B C to 7; thence to 9; thence to C; thence to the said beginning intersection, making the full parcel of land in dispute in this action as it was tried, that included, as appears from the map, from the point 1 to 7; thence to 9; thence to D; thence to 1.

The defendants claim under the J. D. Parker grant, . . . and there is no dispute that the defendants connect themselves under said grant.

Coming to the location of the Enoch King grant, there is no dispute in the calls and location from the point 1 on the map down the line, following it where it breaks and turns to the point marked "Stump, Wright Hunter's corner." The next call in the Enoch King grant is, "thence along his line N. 62 W. 118 poles to the head of Juniper." The defendants contended that the head of Juniper was at 7 on the map. The plaintiffs contended that the head of Juniper was at 9. The jury located that call at 9. The next calls, carrying the grant to its beginning point, are as follows: "thence along James' line N. 30° E. 104 poles to Amen's line; thence with it to the beginning."

Evidence was offered by both parties as to the location of the lines, and the defendants also offered evidence tending to prove that their deeds covered the land in dispute, and that they had held adversely for more than seven years.

The jury established the dividing line from 9 to 1.

Judgment was entered accordingly, and taxing the defendants with the costs, and both parties appealed.

The plaintiffs state in their brief that "The questions presented by this appeal, for practical purposes, revolve around one proposition, to wit: Was it open to the defendants, under the pleadings in this cause, and especially the admissions and averments in the answers, to rely upon the seven-years statute of limitations?"

The defendants excepted to the judgment for costs.

*Cowper, Whitaker & Hamme and Duffy & Day for plaintiffs.*
*Frank Thompson and McLean, Varser & McLean for defendants.*

PARKER *v.* PARKER.

ALLEN, J.  It is not contended that the defendants have not shown sufficient evidence to go to the jury to the effect that the J. D. Parker grant, being the junior grant, may lap over upon the Enoch King grant, so that the actual boundary called for in the Parker grant will take in the triangle from 9 to 1 to D and back to 9, or that the defendants have not offered evidence of possession for "seven years of that triangle." The plaintiff's contention is that, upon the pleadings, no such position was open to the defendants (plaintiff's brief), and this contention is upon the idea that—

1. Upon the pleadings, the location of the Enoch King grant is controlling—that is, the western line of said grant must be the eastern line of the Parker grant.

2. This being true, and it being admitted in the answer that there is no lappage, and that defendants own land on the west of the Enoch King grant, the question of seven years possession under color of title, on the theory that J. D. Parker's grant lapped on Enoch King's grant, the lappage being represented on the map by the triangle, D-1 9 and back to D, could not arise.

If we agreed with the plaintiffs as to their construction of the answer, we would perhaps reach the same conclusion, but we do not so understand the answer.

As we read it, the defendants deny that the location of the King grant, from 9 to D, as contended for by the plaintiffs, is the true line, and allege that the line runs from 7 to 1, and it is upon this position that they say there is no lappage; but they go further and say they own lands on both sides of the line from 9 to D.

In other words, giving the pleading a liberal construction, which is the established rule (*Brewer v. Wynne,* 154 N. C., 467), it first denies the location of the line as alleged by the plaintiffs, and therefore no lappage, and then alleges ownership of land on both sides of that line, which put the title in issue and permitted the introduction of evidence of adverse possession.  *Whitaker v. Garren,* 167 N. C., 661.

The question of costs is decided against the defendants in *Swain v. Clemmons,* 175 N. C., 240, the plaintiffs having been adjudged to be the owners of a part of the land in controversy.

Affirmed on both appeals.