PAULINE B. ALLEN v. HAZEL SAUNDERS ET ALS.

(Filed 31 October, 1923.)

**Husband and Wife—Dower—Estates—Contingent Remainders.**

> Under a devise to testator's daughter and son, equally, and in the event of either dying without issue, then the whole estate to the other, with ulterior contingent limitations over, upon the death of the son, his widow is entitled to dower in his lands, he having been seized thereof during coverture, with the possibility of a child of the marriage taking by descent. *Pollard v. Slaughter*, 92 N. C., 72, cited and applied.

APPEAL by defendants from *Shaw, J.,* at May Term, 1923, of FOR-SYTH.

The sole question presented by this appeal is the right of the petitioner, Pauline Bugher Allen, widow of Sydney E. Allen, to dower. Her right thereto depends upon the construction of the will of Laura L. Allen, mother of Sydney E. Allen, who died without issue, leaving the plaintiff his widow.

Paragraph 2 of the will of Laura E. Allen reads as follows: "I devise and bequeath to my children, Annie and Sydney E. Allen, equally the house known as 318 Spruce Street, in the city of Winston-Salem, N. C. In the event of the death of either one of these children, without issue, the survivor shall inherit the deceased one's interest, and should the surviving one die without issue"—the executor was to sell the property and divide the profits equally among the surviving children of the testatrix.

In the special proceeding the clerk ordered the writ to issue to the sheriff commanding him to summon a jury of freeholders to lay off dower to the petitioner. The respondents appealed, and the appeal was placed on the motion docket of the Superior Court, where *Shaw, J.,* affirmed the judgment and order for a jury, and the respondents appealed.

*Phin Horton, Jr., for petitioner.*
*Manly, Hendren & Womble for respondents.*

CLARK, C. J. We think this case was settled by that of *Pollard v. Slaughter,* 92 N. C., 72, where the Court held, in a learned opinion by *Ashe, J.,* upon a devise in the same terms, and upon the same facts as in the case at bar, that where there is a devise in fee simple, with an executory devise over, the wife's right to dower attaches on the first estate and is not defeated by its determination on the death of the husband, for the widow is entitled to dower in all lands of which her husband was seized during coverture, and which any child she might bear him could by any possibility take by descent.

We could add nothing to the reasoning of the learned judge in that case. The husband (Sydney E. Allen) held a defeasible fee simple, *Whitfield v. Garris,* 131 N. C., 148; *S. c.,* 134 N. C., 24, and cases cited thereto in Anno. Ed. The right of his wife to dower therein attached by marriage and was not defeated by his decease and determination of the estate. This case has been cited and approved in *Midyette v. Grubbs,* 145 N. C., 91, which states that "other courts of the highest authority have taken the same view," citing *Northcott v. Whipp,* 51 Ky., 65-73.

Affirmed.