F. M. FOY et al. v. ROBERT L. FOY et al.

(Filed 5 November, 1924.)

**1. Pleadings—Demurrer.**

Where a complaint liberally construed alleges facts sufficient to constitute a cause of action in any phase or aspect, it is good against a demurrer thereto.

**2. Wills—Devise—Estates—Defeasible Fee Simple.**

A devise of lands to testator's wife in fee simple, with limitation over should she die intestate, vests in her, surviving her husband, a fee-simple estate defeasible upon the happening of the contingency of her dying intestate.

**3. Same—Residuary Clauses.**

A wife took under the will of her husband his entire estate, including lands, with certain specific exceptions, defeasible upon her dying intestate, and left a will specifically disposing of the same among numerous beneficiaries, and by item VIII, gave all that she had not mentioned to R., the nephew of her husband and his wife, which included the land in dispute. *Held*, by a proper interpretation of the entire will, she died testate as to this land, and it did not go under a different item of the will to the heirs of both.

APPEAL by defendants from *Calvert, J.,* at March Term, 1924, of NEW HANOVER.

Plaintiffs are heirs at law of Joseph T. Foy and his wife, Nora D. Foy. They allege that they, together with Mrs. R. K. Bryan and Henry S. Foy, who have refused to join them as parties plaintiff in this action, are the owners and entitled to the possession of eight lots or parcels of land, situate in the city of Wilmington and described in the complaint; that defendants are in the wrongful possession of said land, claiming the same as their own, and appropriating to their use all the profits and income therefrom.

Plaintiffs set out in the complaint, fully and in detail, the facts upon which they base their claim to ownership of the said land. Defendants demurred to the complaint, for that same fails to state a good and sufficient cause of action against defendants, in that it appears from the complaint, and the will of Joseph T. Foy, copy of which is attached thereto, marked Exhibit A, that Nora D. Foy, wife of Joseph T. Foy, was given by said will an absolute fee-simple estate in said lots of land, subject to be defeated only in the event the said Nora D. Foy died intestate, and in that, further, it appears from said complaint and the will of Nora D. Foy, a copy of which is attached thereto, marked Exhibit B, that the said Nora D. Foy did not die intestate, but that she died testate, and by her said last will and testament devised the lots of land described in the complaint, to defendants, Robert L. Foy and his wife, Elizabeth A. Foy.

To the judgment overruling the demurrer, defendants duly excepted and appealed therefrom to the Supreme Court. The only assignment of error is based upon this exception.

*Weeks & Cox and John D. Bellamy & Sons for plaintiff.*
*E. K. Bryan for defendants.*

CONNOR, J. Defendants having demurred to the complaint for that same does not state facts sufficient to constitute a cause of action, thereby admit the facts to be as alleged in the complaint. "A complaint will be sustained as against a demurrer if any part presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be gathered from it under a liberal construction of its terms." *Hartsfield v. Bryan,* 177 N. C., 166.

The facts alleged in the complaint and thus admitted by defendants, are as follows:

1. Joseph T. Foy, by items III and V of his last will and testament, probated 16 May, 1918, devised his "Home Place" in Pender County, and his store and lot in the city of Wilmington, known as No. 107 Market Street, to his wife, Nora D. Foy, for and during her natural life, and at her death, by item VI, to his nephew, R. L. Foy, one of the defendants herein, excepting, however, from the "Home Place," one acre known as the "Harrell Place," which by item IV, he devised, after the death of his wife, to Melia D. Harrell for life, remainder to such child or children of said Melia D. Harrell, as she may leave surviving her, and the issue of such as may be dead; by item VII, he directs that should he sell the store on Market Street, in the city of Wilmington, and should R. L. Foy survive his wife, the sum of five thousand dollars shall be paid to said R. L. Foy, in lieu of said store.

2. Joseph T. Foy, by item VIII of said will, gave, devised and bequeathed "all the rest and residue of his (my) estate of every nature, kind and description, to his (my) beloved wife, Nora D. Foy, in fee simple and absolutely," subject, however, to the limitations and directions contained in item IX,. which is as follows:

"Item IX. Should my wife die intestate after my death, seized in fee simple, or absolutely, of any of the property herein devised to her, it is my wish and desire that all of the property herein devised and bequeathed to her and in which at the time of her death she has become vested by this will under the previous terms thereof, of an absolute or fee-simple estate, that the same shall be divided between her heirs and my heirs—that is to say, the heirs of my wife shall be given one-half of the same, and my heirs the remaining one-half, except R. L. Foy and as to him, he shall be excluded from any share if the remainder in the 'Home Place' and the Market Street store or the five thousand dollars shall become vested in him. The heirs of my wife shall take per stirpes and not per capita, and my heirs shall also take per stirpes and not per capita."

3. Nora D. Foy survived Joseph T. Foy and died on 12 January, 1923; at the date of her death she was possessed of a large amount of personal property, consisting of household and kitchen furniture, books, jewelry, wearing apparel, and money and was the owner of one lot of land in the city of Wilmington, known as No. 710 South Third Street, and eight lots of land, also situate in the city of Wilmington described in the complaint, the said eight lots of land having been devised to her by item VIII of the will of Joseph T. Foy, in fee, subject to the limitations and directions contained in item IX, as aforesaid.

4. Nora D. Foy, on 11 August, 1921, made and published her last will and testament, which was duly probated as a holograph will on 26 January, 1923; the first clause in said will is as follows: "Knowing the uncertainty of life, and being now in health and strong minded, I wish to make the following bequest of my worldly belongings"; the will consists of thirty items, and after appointing "my nephew, (by marriage) Robert L. Foy," as executor, she directs that her house and lot, known as No. 710 Third Street, shall be sold, and that the proceeds, together with money on deposit in the Wilmington Savings and Trust Company's Bank, shall be applied to the use of the "Old Ladies' Home," corner of Ninth and Princess streets, Wilmington, N. C., and that if said Old Ladies' Home shall ever be abolished, the money shall be given to Mary Josie Foy, daughter of F. M. and M. D. Foy.

She then directs the payment of certain sums of money to persons named in the several items of said will, and after bequeathing articles of furniture, pictures, silverware, crockery, jewelry, wearing apparel,

books and heirlooms to various relatives, friends and servants, each legacy or bequest being specific and given to a definite named person, she concludes the 30th and last item with these words: "All else that I have not mentioned I give to Robert L. Foy and his wife, Elizabeth A. Foy, for their kind attention to me during my lonely widowhood."

5. Plaintiffs, together with Mrs. R. K. Bryan and Henry S. Foy, who have refused to join as parties plaintiff in this action, are heirs at law of Joseph T. Foy and his wife, Nora D. Foy, and contend that Nora D. Foy, having died intestate as to the eight lots of land described in the complaint, they, together with Mrs. R. K. Bryan and Henry S. Foy, are now the owners and entitled to the possession of the said lots of land, under item IX of the last will and testament of Joseph T. Foy.

6. Defendants, Robert L. Foy and his wife, Elizabeth A. Foy, are now in possession of said lots of land and contend that Nora D. Foy, not having died intestate, the fee-simple estate devised to her in item VIII of the will of Joseph T. Foy, has not been defeated by the contingency as provided in item IX of said will, and that having devised the said land by the 30th item of her will to them, the plaintiffs are not the owners of or entitled to possession of the said lots of land.

By the residuary clause (item VIII) in his will, Joseph T. Foy devised the eight lots of land, described in the complaint, to Nora D. Foy, in fee simple; by the "limitations and directions" contained in item IX of said will, her estate in fee simple was defeasible, upon the happening of the contingency as stated therein, to wit: "Should she die intestate after my death, seized in fee simple or absolutely, of any of the property devised to her" in said item VIII. Nora D. Foy took an estate in fee simple in said lots of land, defeasible upon her dying, after the death of Joseph T. Foy, intestate. *Fellowes v. Durfey,* 163 N. C., 305. This event did not happen, for she did not die intestate.

Plaintiffs, as heirs of Joseph T. Foy and his wife, Nora D. Foy, took no part of or interest in the property devised and bequeathed to Nora D. Foy, absolutely and in fee simple by item VIII of the will of Joseph T. Foy, for it was the wish and desire of Joseph T. Foy, as expressed in item IX, that the property which he gave, devised and bequeathed, absolutely and in fee simple, to Nora D. Foy, should be divided between his heirs and her heirs *only* in the event that she died, after his death, intestate.

Plaintiffs contend that item IX should be construed to defeat the fee-simple estate in the land, which vested in Nora D. Foy, by item VIII of the will, if she died intestate *as to any of the property* so devised to her. The language in which the limitation is expressed is not suscepti-ble of this construction. The words "of any of the property" as shown by the context and the punctuation, are to be construed as following

the words "seized in fee simple or absolutely" and not the words "intestate after my death." This construction is supported not only by the language of the item, but also by the intent of the testator as the same appears from the entire will.

The manifest purpose of Joseph T. Foy, as shown by the entire will, was to provide for and to secure, after his death, the support and comfort of his beloved wife. The will, in all its provisions, bears evidence of his affection and tender solicitude for her. He gives to her all his property—his "Home Place" in Pender County, which he had, in part, inherited from his father, and, in part, purchased from his mother and brothers, that she might continue to live there during her widowhood; his store building in the city of Wilmington, a few miles distant from his country home, and which, doubtless, yielded an assured monthly income, and would, in all probability, keep her supplied with ready money; these he gave to her for life; and then all the rest and residue of his estate, of every nature, kind and description, he gave to her in fee simple and absolutely, providing only that should she die intestate, thus showing no wish or desire to dispose of this property or any part thereof, after her death, it was his wish and desire that this property should be divided between her heirs and his heirs. He thus leaves to her, the ultimate disposition of this property. She could by dying intestate, defeat the absolute title to the personal property and the fee-simple estate in the land given to her by her husband, and thus effectuate the wish and desire of her husband, in that event, that the property be divided between her heirs and his heirs. She could, by her will, devise and bequeath the property to such person or persons as she chose, or she could by making a will, prevent the happening of the contingency upon which the wish and desire of her husband was to take effect, and, making no devise or bequest of this property, leave it to go to her heirs and distributees. Her absolute title to the personal property and her fee-simple estate in the land could be defeated only by her act.

Nora D. Foy did not die intestate; she left a will, written by her own hand, which was duly probated. As executrix of her husband, she knew the contents of his will, and knew the effect of her act in making a will upon her title to and estate in the property he had given her. Her husband's will bears internal evidence that it was prepared by a learned and skillful lawyer, whose name appears as one of the witnesses to its execution. It is a permissible inference that after her husband's death, she had sought and obtained the advice of her husband's attorney, in the discharge of her duties as executrix of this will, and was advised by him of the effect, in law, of her act in making a will, upon her title to and estate in the property, given to her by her husband in his last will and testament.

Foy *v.* Foy.

The contingency upon which the fee-simple estate of Nora D. Foy in and to the eight lots of land was to be defeated, not having happened, at her death, these lots descended to her heirs at law unless she devised them in her last will and testament.

Plaintiffs, some of whom are heirs at law of Nora D. Foy, contend that she did not devise the said lots of land, but died intestate as to them, and that therefore such of the plaintiffs as are her heirs at law are now the owners and entitled to the possession of the said lots. Defendants contend that by the concluding words of her last will, she gave and devised these lots of land to Robert L. Foy and his wife, Elizabeth A. Foy.

A careful consideration of the facts involved in this contention lead us to the conclusion that these lots of land are included in the last clause of the will of Nora D. Foy, and are therefore given and devised to the defendants. Having decided not to die intestate, she knew that these lots were included in her "worldly belongings"; she had not mentioned them in any one of the preceding thirty items of her will, by which she had disposed of personal property and land. She had given to her "nephew by marriage," whom she had appointed executor, "without bond, to carry out my requests in this will," and whose kindly attentions and affectionate consideration during her lonely widowhood she remembered, only her automobile, her livestock and her iron safe. We may well presume that she wished to give to him and to his wife substantial and permanent evidence of her appreciation and that with this purpose, she gave to them all else of her worldly belongings which she had not mentioned.

The last will and testament of Nora D. Foy was written by her on 11 August, 1921, more than three years after the death of her husband. She declares therein that it is her wish to make "the following bequest of my worldly belongings." She bequeathes personal property and directs the sale of her lot of land in Wilmington and the disposition of the proceeds of the sale. She bequeathes various articles of personal property, evidently the accumulations of a lifetime by a family of culture and wealth. She disposes of nearly seven thousand dollars in money and bonds. She gives specific legacies to various relatives by name, stating their respective relationships to her, some of them by marriage. There are several references in the will to her deceased husband. She concludes her will, with the 30th item, and then uses these words: "All else that I have not mentioned I give to Robert L. Foy and his wife, Elizabeth A. Foy, for their kind attention to me during my lonely widowhood."

When, sitting at her desk, on an August day, three years and more after the death of her husband, in the home where she and he had

lived in the sweet companionship of a long and happy marriage, she wrote these words, she did not forget the property which he had given to her as an evidence of his affection and solicitude, and as she recalled the kindly attentions and gentle courtesies which had been rendered her during the long years of her lonely widowhood by the favorite nephew of her dead husband and his wife, as an evidence of her appreciation and gratitude, she gave all else of her worldly belongings to them;—including, as we may feel assured, the eight lots of land situate in the city of Wilmington.

Citations of authorities sustaining this opinion are needless. As said by *Chief Justice Clark,* in *Fellowes v. Durfey,* 163 N. C., 305, "It would be the merest affectation of learning to quote the almost infinite number of cases in which language differing more or less from that used in this will has been construed by the courts in an effort to arrive at the testator's meaning, and to point out at great length wherein the words in each approximate or differ from the language used in the will before us."

There was error in overruling the demurrer and the judgment is

Reversed.