### ANNIE PRIDGEN v. SIDNEY PRIDGEN ET AL.

(Filed 16 September, 1925.)

**1. Pleadings—Motions—Demurrer—Judgments—Statutes.**

Plaintiff's motion for judgment upon the pleadings after answer filed is in effect a demurrer thereto, and will be denied if the answer, liberally construed, sets forth a sufficient defense to the complaint. C. S., 535.

**2. Dower—Parol Trusts—Marriage.**

Dower in her husband's land after his death cannot be assigned to his wife if he had only the naked legal title at the time of his death, and no beneficial interest therein is descendible to his heirs at law in case of intestacy, as where a valid parol trust therein had been created by the testator in favor of his children by his first marriage being of age, upon an expressed agreement that they would purchase the land with the returns from their joint labor, reserving a life estate for the father, in whose name alone the legal title had been taken, and the dower is thereafter claimed by his second wife.

APPEAL by defendants from *Sinclair, J.,* at May Term, 1925, of NASH.

Special proceedings by plaintiff, widow of J. Henry Pridgen, against Sidney Pridgen and others, heirs at law of J. Henry Pridgen, deceased, for dower. From a judgment on the pleadings in favor of the plaintiff, defendant appealed.

The plaintiff alleged her marriage to J. Henry Pridgen, the death of her husband, and his seizin during coverture of three tracts of land, the Hollingsworth, the Collie, and the Vester & Upchurch tracts, and prayed for the admeasurement of dower in usual form. Defendants, who are children of J. Henry Pridgen by a former marriage, admitted

the marriage and death of the husband, and that he left surviving him the defendants, his children by both marriages, and, as to the seizin, alleged as follows:

"That so much of said petition as alleges that the said J. Henry Pridgen, during his coverture with the petitioner, was seized in fee simple and possessed of the lands described in the petition is untrue and is denied; the truth in respect to the ownership in said lands is as follows: The said Annie Pridgen is the second wife of the said J. Henry Pridgen; that the said J. Henry Pridgen, as a young man, married Thaney Pettiford, and they lived and worked together for more than twenty years, and there were born to them as children these defendants, Sidney Pridgen, Charlie Pridgen, Anna Pridgen, who married T. O. Stokes; May Pridgen, and A. B. Pridgen; that the said J. Henry Pridgen was a poor man at the time he was married to the mother of these defendants and continued so until these defendants had grown up. He then made an agreement with these defendants that if they would remain with him and work with him that he would use the proceeds of their labor in the purchase of a tract of land, and that he would hold said land in trust for these defendants, subject to a life estate in his own favor, and purchased and paid for a tract of land.

"In pursuance of said contract and agreement, these defendants did remain with their father and worked hard and faithfully for him for many years, and out of the profits of their labor was paid the purchase price of the three tracts of land described in the petition, and while the deeds therefor were made to the said J. Henry Pridgen, it was expressly understood in agreement that he was holding the same in trust for these defendants, subject to his life estate, and when requested by these defendants to do so would execute to them a deed conveying to them the said land and effectuating said agreement.

"That after all of the said tracts of land had been bought and fully paid for, and after the mother of these defendants had died, the said J. Henry Pridgen married his second wife, the petitioner herein, and there were born to him by her one of the second set of children, the other defendants in this action. That after his second marriage the said J. Henry Pridgen ceased to accumulate property and became involved in debt."

The plaintiff moved for judgment upon the pleadings, and the cause was heard upon the complaint, answer, and the following deed:

"This indenture, made this 10th day of May, in the year of our Lord one thousand nine hundred and thirteen, between J. H. Pridgen, of the county of Nash and State of North Carolina, of the first part, and Charley Ransom Pridgen, Ann Elizabeth Stokes, Henry May Pridgen, and Al Branch Pridgen, all of the county and State aforesaid. The

PRIDGEN *v.* PRIDGEN.

object and consideration of this conditional deed by J. H. Pridgen, to become valid at his death to the above-named children of his, is to give them a certain tract of land to be equally divided between them at his death; that is to say, provided the said J. H. Pridgen is the owner of the land below described at the time of his death, as follows: One tract of land bounded as follows: On the south by the lands of Lucy Matthews, deceased; on the west by the lands of heirs of Jordan Vester; on the north and east, lands of Mrs. Anna B. Bunn, containing one hundred fifteen and one-half acres, more or less. The home tract on which the said J. H. Pridgen now resides."

The following judgment was rendered:

"This cause coming on to be heard before the undersigned judge of the Superior Court, and being heard upon the complaint and answer and the certain deed made by J. H. Pridgen to certain of his children on 10 May, 1913, duly registered in Nash County, 25 May, 1925, which defendants by leave of court offered as part of the answer, after argument of the counsel; and it appearing to the court that the defendants do not ask to reform the deed referred to in the petition, and it further appearing that there is no intimation in the answer of any mistake in the drafting of the deed or that it was taken by mistake, accident, or fraud.

"It is considered, adjudged, and ordered that the petitioner is entitled to dower in the lands described in her petition, and that the same be duly allotted to her in the manner prescribed by law."

The defendants who are the children of the marriage of plaintiff and J. Henry Pridgen do not resist plaintiff's claims, and admit that the plaintiff is entitled to dower as sued for, but to this judgment the defendants who are the children of J. Henry Pridgen's first marriage excepted and appealed.

*Cooley & Bone and I. T. Valentine for plaintiff.*

*Austin & Davenport, W. M. Person, and W. H. Yarborough for defendants.*

VARSER, J. The plaintiff's motion for judgment upon the answer is, in effect, a demurrer to the answer, and can only prevail when the matters pleaded constitute an admission of plaintiff's cause of action or are insufficient as a defense or constitute new matter insufficient in law to defeat plaintiff's claim. *Alston v. Hill,* 165 N. C., 255, 258; *Churchwell v. Trust Co.,* 181 N. C., 21. Under C. S., 535, we construe the defendants' answer liberally, with a view to substantiate justice between the parties. This means that every reasonable intendment must be taken in favor of the pleader, and if the answer contains facts sufficient to constitute a defense, it must be sustained. *Hartsfield v. Bryan,* 177

N. C., 166; *Parker v. Parker,* 176 N. C., 198; *Muse v. Motor Co.,* 175 N. C., 466; *Wyatt v. R. R.,* 156 N. C., 307; *Brewer v. Wynne,* 154 N. C., 467; *Ludwick v. Penny,* 158 N. C., 104; *Stokes v. Taylor,* 104 N. C., 394; *Gregory v. Pinnix,* 158 N. C., 147; *R. R. v. Main,* 132 N. C., 445; *Phifer v. Giles,* 159 N. C., 142; *McNinch v. Trust Co.,* 183 N. C., 33, 41.

The common-law rule requiring every pleading to be construed against the pleader has been materially modified by C. S., 535. *Sexton v. Farrington,* 185 N. C., 339. Therefore, as against a demurrer, a pleading will be upheld if any part presents facts sufficient to constitute a cause of action or defense, or if facts sufficient for that purpose can be gathered from it under a liberal, yet reasonable, construction of its terms. It will not be overthrown unless it is wholly insufficient. *Sexton v. Farrington, supra; Blackmore v. Winders,* 144 N. C., 212; *Bank v. Duffy,* 156 N. C., 83; *Eddleman v. Lentz,* 158 N. C., 65; *Hendrix v. R. R.,* 162 N. C., 9; *Foy v. Foy,* 188 N. C., 518; *Churchwell v. Trust Co., supra.*

Viewing the defendants' answer in the light of this settled rule of construction, we are constrained to hold that the answer sets up a trust between J. Henry Pridgen and the defendants who are the children of his first marriage, which attached to the lands in controversy prior to the marriage of the plaintiff and J. Henry Pridgen, on account of which J. Henry Pridgen was not beneficially seized during plaintiffs' coverture of such an interest in the lands in controversy as was purchased from the profits arising from the labors of these defendants after they became *sui juris.*

Dower is now, and has been since the act of 2 March, 1867, the legal right of a widow whose husband dies intestate, or when she dissents from his will, to have allotted to her upon the death of her husband one-third in value of all the lands, tenements, and hereditaments (including both legal and equitable estates) whereof her husband was beneficially seized during the coverture. C. S., 4100; *Allen v. Saunders,* 186 N. C., 349; *Thompson v. Thompson,* 46 N. C., 430; *Chemical Co. v. Walslon,* 187 N. C., 817; *McGehee v. McGehee,* 189 N. C., 558; Mordecai's Law Lectures, 516, 519; 9 R. C. L., 561; 2 Blackstone, 131; *Pollard v. Slaughter,* 92 N. C., 72. A requisite of seizin is that it must be beneficial and not a mere naked seizin for the benefit of others. *Hendren v. Hendren,* 153 N. C., 505; *Alexander v. Cunningham,* 27 N. C., 430; *Thompson v. Crump,* 138 N. C., 32; *Gilmore v. Sellars,* 145 N. C., 283; *Waller v. Waller,* 74 Grattan's Reports (Va.), 83; *McAuley v. Grimes,* 15 Gill & Johnson (Md.), 318, 324; *Stanwood v. Dunning,* 14 Me., 290; *Edmondson v. Welsh,* 27 Ala., 578; *Redding v. Vogt,* 140 N. C., 562; 9 R. C. L., 575, sec. 16.

This seizin contemplates and requires that the husband's seizin, whether in law or in deed, must be of an estate of inheritance. The test is whether any issue which she might have had could, by any possibility, inherit the land. *McGehee v. McGehee, supra;* 2 Blackstone, 131; *Pollard v. Slaughter, supra;* Mordecai's Law Lectures, 518.

It cannot be urged that the widow occupies the position in equity of a purchaser for value without notice of the defendants' equity to establish the trust. She is neither a creditor nor purchaser for value, although marriage is a valuable consideration in many relations. Dower does not arise from a contract of marriage, although marriage is a necessary precedent fact upon which the claim is asserted. There is no contract between husband and wife for either dower or curtesy. The law gives this right in respect to the property of the other to encourage matrimony. *Norwood v. Marrow,* 20 N. C., 578; *Haire v. Haire,* 141 N. C., 88. As stated in this latter case, the widow must rest her claim solely upon the beneficial seizin of her husband.

An unregistered deed delivered prior to the marriage defeats dower because it defeats seizin. *Haire v. Haire, supra; Blood v. Blood,* 23 Pick. (40 Mass.), 85; *Richardson v. Scofield,* 45 Me., 389.

A trust estate in favor of the defendants, in which J. Henry Pridgen was the beneficial owner of an estate for his life only, is not sufficient to support the plaintiff's claim for dower. *Hendren v. Hendren, supra.*

The plaintiff suggested that the court below treated *Vance v. Vance,* 118 N. C., 869, as a controlling authority in the case at bar. The difference, upon a close scrutiny, is vital. In the *Vance case* the court found the facts by consent of the parties, and failed to find sufficient facts to create a trust in favor of the defendants.

The trust, as alleged in the answer, is expressly recognized, and the method of its creation is set forth in *Wood v. Cherry,* 73 N. C., 110, and it comes clearly in the definition of the first mode of creation of a trust, to wit: "By transmutation of the legal estate, when a simple declaration will raise the use or trust." This is the settled law in this jurisdiction. *Jones v. Jones,* 164 N. C., 323; *Ballard v. Boyette,* 171 N. C., 26; *Brogden v. Gibson,* 165 N. C., 21; *Lefkowitz v. Silver,* 182 N. C., 344; *Bank v. Scott,* 184 N. C., 316; *Anderson v. Harrington,* 163 N. C., 142; *Allen v. Gooding,* 173 N. C., 95; *Edgerton v. Jones,* 102 N. C., 278; *Herring v. Sutton,* 129 N. C., 109; *Avery v. Stewart,* 136 N. C., 435; *Shields v. Whitaker,* 82 N. C., 519; *Pittman v. Pittman,* 107 N. C., 164; *Jones v. Emory,* 115 N. C., 165; *Cobb v. Edwards,* 117 N. C., 246; *Ramsey v. Ramsey,* 123 N. C., 688; *Russell v. Wade,* 146 N. C., 121.

The trust could only arise when proceeds of, or the profits from, their labor arose after these defendants became *sui juris,* for during

their minority their earnings were the property of J. Henry Pridgen, the father, and could not support the trust agreement. There is no implied promise to pay on the part of the father when the children remain with him after majority, and they must show in this case, as alleged by them, an express agreement to use their labor for them, and from it to purchase the land in trust for them. *Musgrove v. Kornegay,* 52 N. C., 71, 74; *Dodson v. McAdams,* 96 N. C., 149; *Grant v. Grant,* 109 N. C., 710, 713; *Daniels v. R. R.,* 171 N. C., 23.

The deed of 1913, as appears of record, does not contemplate *ex vi terminorum* a present vesting of the estate in the defendants, and expresses the continuance of the estate in the father. It may be that its effect was not understood by either the grantor or the grantees, but it is insufficient, though delivered prior to the second marriage, to bar dower. The 1921 deed of itself is of no effect against the plaintiff, and the defendants' only defense alleged is the trust. The parties must be left to try out the issue as to the alleged trust in the modes provided by law. *McGee v. McGee,* 26 N. C., 105.

Dower has long been a favorite of the law, ranking with life and liberty (Bacon Uses, p. 37), and showing a firm establishment in the Year Books, and probably originating from a Danish custom, "since," as Blackstone recalls, "according to historians of that country, dower was introduced into Denmark by Swein, the father of Canute, out of gratitude to the Danish ladies who sold all their jewels to ransom him when taken prisoner by the Vandals. However this be, the reason which our law gives for adopting it is a very plain and sensible one: for the sustenance of the wife and the rearing and education of the younger children." Since these early times the right of dower has been highly favored by the courts. 9 R. C. L., 563; *Hodge v. Powell,* 96 N. C., 64; *McMorris v. Webb,* 17 S. C., 558; *Lewis v. Apperson,* 103 Va., 624.

Dower, throughout the vicissitudes of governments, and despite the myriads of influences that have contributed to the common law of England, and the common law now in force in the United States, barring a few minor statutory modifications in some States, has maintained its early qualities and incidents. Our Constitution, Art. X, sec. 8, and C. S., 4099, 4100, 4101, 4102, 4103, and the machinery for the obtaining and enjoyment of dower, fully protect and maintain the esteem in which dower has always been held.

Upon the allegations in the answer, construed liberally, yet reasonably, in favor of the pleader, we are of opinion to hold that the judgment appealed from must be reversed, to the end that a trial may be had on the issue as to the trust alleged in the answer.

Reversed.