ELLINGTON v. ELLINGTON ; BUILDERS ASSO. v. HOLT.

The demurrer to the complaint on the ground that it is not alleged therein that notice in writing was given to the defendant of the dishonor of the note by its nonpayment at maturity, was properly overruled. Sufficient facts are alleged in the amended complaint to show that there was a waiver of notice by the defendant both express and implied, if upon all the facts alleged in the complaint defendant was liable only as an endorser, and, therefore, entitled to notice. C. S., 3091.

Affirmed.

---

AMZI J. ELLINGTON, TRUSTEE, v. D. D. ELLINGTON ET AL.

(Filed 29 March, 1933.)

APPEAL by applicants for allowance from *Sinclair, J.,* at November Term, 1932, of WAKE.

Petition for partition, with prayer on the part of two of the respondents that executor and trustee be required to file true and correct account of his stewardship, as upon application to surcharge and falsify. The matter was referred, as it involved an accounting, and resulted in benefit to the estate; whereupon application was made for allowance out of the estate of counsel fees to attorneys for the two respondents who demanded that the executor and trustee be called to book. Application denied on the ground that the court "is without power to make such allowance." Appeal by applicants.

*Pou & Pou and R. L. McMillan for appellants.*
*Manning & Manning, A. B. Breece and Jones & Brassfield for appellees.*

PER CURIAM. Affirmed on authority of *Mordecai v. Devereux,* 74 N. C., 673, and *In re Will of Howell, ante,* 437.

Affirmed.

---

ALAMANCE HOME BUILDERS ASSOCIATION v. RALPH M. HOLT.

(Filed 5 April, 1933.)

APPEAL by plaintiff from *Barnhill, J.,* at November Term, 1932, of ALAMANCE. Affirmed.

*Cooper A. Hall, J. Dolph Long and M. C. Terrell for appellant.*
*D. J. Walker for appellee.*