**TALIAFERRO v. ALEXANDER** (two cases).

**Nos. 3899, 3920.**

Circuit Court of Appeals, Fourth Circuit.
Nov. 12, 1935.

William T. Covington, Jr., and C. H. Gover, both of Charlotte, N. C. (Hugh L. Lobdell, of Charlotte, N. C., on the brief), for appellant.

Edwin T. Cansler, Jr., of Charlotte, N. C. (Cansler & Cansler, of Charlotte, N. C., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and WAY, District Judge.

NORTHCOTT, Circuit Judge.

This is an appeal from an order entered on April 17, 1935, in the District Court of the United States for the Western District of North Carolina, in the matter of Charles L. Alexander, bankrupt.

Alexander, a resident of Charlotte, N. C., was duly adjudged a bankrupt on the 28th day of July, 1932, and on August 25, 1932, C. D. Taliaferro was appointed trustee of the bankrupt's estate, and, at the time this action was instituted, was acting as such trustee. The bankrupt died on October 24, 1933, leaving a will. The appellee, Evelyn B. Alexander, widow of the bankrupt, dissented from her husband's will, and on August 10, 1934, filed in the court below a petition for dower, in which petition she prayed for determination of her dower with reference to the land and equitable interests in land held by the trustee of the bankrupt. At the time of the bankrupt's death the estate included both incumbered and unincumbered real estate. Some of these lands were mortgaged by the bankrupt before the date of his marriage with the appellee and other lands were mortgaged during coverture with the joinder of the appellee.

On October 10, 1934, the matter was referred to a special master to hold hearings and report to the court. The special master found, among other things, that the appellee was entitled to have her dower interest in all of the real estate figured and allotted to her in the entire value of said property without deduction of mortgages, or of taxes or street assessments which became liens against said property after the death of the bankrupt, and that this rule should apply irrespective of whether said mortgages were executed and delivered by the bankrupt prior to his marriage to the appellee or after such marriage and irrespective of whether or not said petitioner joined in the execution of said mortgages. The special master held that the appellee was, in law, considered a surety and therefore entitled to exoneration. The trustee excepted to that part of the report of the special master which held that the entire value of the lands mortgaged before coverture should be the basis for fixing the value of the widow's dower. After a hearing, the judge below entered the order complained of affirming the report of the special master in all respects.

It is admitted that in fixing the value of the widow's dower the value of the entire land is taken where the land was mortgaged during coverture, and the sole question presented, on this appeal, is whether this rule should apply to land mortgaged prior to coverture.

■ In approaching a consideration of this question, we have to keep in mind the well-known rule that dower is a favorite of the law, and that statutory provisions concerning a widow's dower are to be construed liberally in her favor. Pridgen v. Pridgen et al., 190 N.C. 102, 129 S.E. 419, and authorities there cited; 19 C.J. 459. Bankr. Act, § 8, 11 U.S.C.A. § 26, provides that, in case of the death of a bankrupt, the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the state of the bankrupt's residence. It follows that the question here presented is one of construction of the North Carolina Statutes regarding dower. Section 4100 of the Consolidated Statutes of North Carolina reads as follows:

"In what property widow entitled to dower. Subject to the provision in the preceding section, every married woman, upon the death of her husband intestate, or in case she shall dissent from his will, shall be entitled to an estate for her life in one-third in value of all the lands, tenements and hereditaments whereof her husband was seized and possessed at any time during the coverture, in which third part shall be included the dwelling-house in which her husband usually resided, together with offices, outhouses, buildings and improvements thereunto belonging or appertaining; she shall in like manner be entitled to such an estate in all legal rights of redemption and equities of redemption or other equitable estates in lands, tenements and hereditaments whereof her husband was seized in fee at any time during the coverture, subject to all valid encumbrances existing before the coverture or made during it with her free consent lawfully appearing thereto. The jury summoned for the purpose of assigning dower to a widow shall not be restricted to assign the same in every separate and distinct tract of land, but may allot her dower in one or more tracts, having a due regard to the interest of the heirs as well as to the right of the widow. This section shall not be construed so as to compel the jury selected to allot dower to allot the dwelling-house in which the husband usually resided, when the widow shall request that the same be allotted in other property."

■ The wording of the statute seems clearly to indicate that there is no difference made as to the widow's dower in property that was mortgaged before and after coverture, and while no North Carolina case that we have been able to find decides the exact question here presented, the rule seems to be well settled in North Carolina that, where the wife joins in the mortgage with the husband on his lands, she conveys her right of dower only as security for the payment of the debt, and by executing mortgage her inchoate right of dower is not reduced to the amount of excess over the mortgage debt, and after her husband's death her right of dower extends to the entire tract embraced in the mortgage. Virginia-Carolina Chemical Company v. Walston, 187 N.C. 817, 824, 123 S.E. 196, 199, and cases there cited; American Blower Company v. MacKenzie, 197 N.C. 152, 147 S.E. 829, 64 A.L.R. 1047; Caroon v. Cooper, 63 N.C. 386; Ruffin v. Cox, 71 N.C. 253. As stated in Caroon

v. Cooper, 63 N.C. 386: "The widow is entitled to have dower assigned out of the whole tract; and cannot be called upon, until it is ascertained that the remaining two-thirds, and the reversion in the one-third covered by her dower, is insufficient to pay off the incumbrance of the purchase money." See, also, Overton v. Hinton, 123 N.C. 1, 31 S.E. 285; Burton v. Spiers, 87 N.C. 87:

 The peculiar wording of the North Carolina statute, while unique in its terms, seems to indicate clearly, by the use of the words "subject to all valid encumbrances existing before the coverture or made during it," that the intention of the Legislature was to make no difference as to the widow's dower in the lands which were mortgaged before and after coverture. The statute plainly gives the widow an estate of dower in all legal rights of redemption and equities of redemption. In Virginia-Carolina Chemical Company v. Walston, supra, Justice Stacy says: "The husband's 'legal rights of redemption and equities of redemption' (C.S. § 4100) were in the whole tract, and hence the widow's claim for dower extends to the whole tract."

As the husband's rights of redemption are in the whole tract and the widow's dower is in the husband's rights of redemption, then it must necessarily follow that the widow's dower is in the whole tract.

It is urged on behalf of appellant that the decisions of the North Carolina court are in the main based upon the theory that the wife in joining in the mortgage becomes a surety, and for that reason only is entitled to exoneration, and that therefore the rule would not apply in the case of property mortgaged before coverture. The answer to this is, we think, found in an analysis of the North Carolina statute itself, taken in conjunction with the decisions of the North Carolina court, and in a proper definition of the terms employed both in the statute and in the decisions. We are bound by the holding of the North Carolina court to the effect that the husband's legal rights of redemption are in the whole tract, and, if that be true, it can make no difference whether the mortgage was executed before or during coverture, since the widow's dower is expressly given by statute in all the legal rights of redemption.

Appellant relies on the decision in Rhea v. Rawls, 131 N.C. 453, 42 S.E. 900, but the circumstances in that case were such that the decision does not apply here. The order of the judge below affirming the report of the special master was correct.

As the proper method of reviewing the order below was by appeal under section 24a, Bankr. Act, as amended by Act May 27, 1926, § 9, 11 U.S.C.A. § 47 (a) (Irving Trust Company v. Fleming (C.C.A.) 73 F.(2d) 423), in No. 3920 the order will be affirmed. In No. 3899 the appeal to superintend and revise will be dismissed.

No. 3920, affirmed.

No. 3899, appeal dismissed.