### Z. V. CRUTCHFIELD v. JONES FOSTER.

(Filed 14 December, 1938.)

**1. Attorney and Client § 10—Ordinarily, court may not fix amount of attorney's fee or impose same as a lien upon the client's land.**

The court is without power to impose a lien on the land to secure an attorney's fee allowed by the court in the action involving title to the land, in the absence of agreement between the attorney and client, or intervention on the part of the attorney giving the client an opportunity to be heard on the attorney's claim.

**2. Execution § 5—Order for sale held void, and execution on the order for sale by commissioner held void.**

Judgment was entered in an action involving realty which provided that the attorney responsible for the recovery of the land should have a lien thereon in a stipulated amount, and that if the sum were not paid the property should be advertised and sold as provided by law for foreclosure of other liens. Thereafter, execution in the attorney's favor was issued on the judgment and the land bought at the execution sale by plaintiff. *Held:* Plaintiff's deed is a nullity, since the order imposing the lien in the attorney's favor was not only void, but the order, even if valid, did not authorize the clerk to issue execution thereon, and it further appearing that the sheriff undertook to sell in addition to the land described in the order another tract of land also.

APPEAL by defendant from *Bivens, J.,* at February Term, 1938, of DAVIDSON. Reversed.

This is an action in common law ejectment instituted by plaintiff to recover of the defendant possession of the two tracts of land described in the complaint. The plaintiff alleges that he acquired title thereto under deed dated 19 August, 1935, from the sheriff of Davidson County pursuant to a sale under execution. The defendant denied the material allegations of the complaint and alleged in further defense: "That the deed under which the plaintiff claims title to the property referred to in

the complaint was made to him without authority of law and conveys no legal title to him, for that it appears from the entry on Minute Docket No. 28, pages 494-496, in the action entitled, 'Lula Walker *v.* Jones Foster, Robert DeLapp and Geneva DeLapp,' in the office of the clerk of Superior Court for Davidson County, that the judge made as a part of the judgment an order as follows, 'It further appearing to the court that C. T. Kennedy, attorney for Jones Foster in this action, is responsible for the recovery by the said Jones Foster of a tract of land fronting approximately fifty-five (55) feet by two hundred feet depth on Church Street, it being that portion of the property owned by Cordelia Foster, less the part which Lula Walker has a lien on under and by virtue of this judgment, it is ordered that the said C. T. Kennedy have a lien on said property of Jones Foster as sole heir at law of Cordelia Foster to the extent of seventy-five [dollars] ($75.00) and if said Jones Foster fails to pay said lien within 60 days the said property shall be advertised and sold as provided by law for the foreclosure of other liens.' "

The court below signed judgment for the plaintiff and the defendant excepted and appealed.

*Douglas C. Crutchfield and L. Roy Hughes for plaintiff, appellee.*
*McCrary & DeLapp for defendant, appellant.*

BARNHILL, J. The defendant alleges and contends that the judgment pleaded by him under which his land was sold by the sheriff and purchased by the plaintiff is an attempt to impose a lien on his property for the security of an attorney's fee and is a nullity. No issues were submitted to a jury. The cause was apparently disposed of by the court below as upon a motion for judgment upon the pleadings, which admits the matters set up in defense, but challenges the sufficiency thereof to bar plaintiff's recovery. *Barnes v. Trust Co.,* 194 N. C., 371, 139 S. E., 689; *Pridgen v. Pridgen,* 190 N. C., 102, 129 S. E., 419; *Churchwell v. Trust Co.,* 181 N. C., 21, 105 S. E., 889; *Oldham v. Ross, post,* 696.

The common law rule, which applies in this State, is stated in 2 R. C. L., page 1077, as follows: "The weight of authority is to the effect that, in the absence of statute, the charging lien of an attorney for compensation for professional services does not attach to the land involved in the litigation in which such services were rendered. This rule applies in cases where the attorney has successfully prosecuted a suit in equity to establish title to land; where he has recovered land in an action of ejectment; and where he has successfully defended the right and title to land against an unjust claim or an unwarranted attempt to subject it to an alleged lien or liability." In *Midgett v. Vann,* 158 N. C., 130, the Court says that: "Counsel fees in favor of the successful party were abolished

by statute in 1871. In many states attorneys' fees are allowed the successful litigant, but it is not so in this State and in some others, nor in the Federal Court. *R. R. v. Elliott,* 184 U. S., 530; *Hyman v. Devereux,* 65 N. C., 589; *Stringfield v. Hirsh,* 94 Tenn., 425. The opinion in this latter case is an elaborate discussion of the subject and gives the states where attorneys' fees are recoverable and those where they are not, placing North Carolina in the last-named list. See *Donlan v. Trust Co.,* 139 N. C., 212." In *Mordecai v. Devereux,* 74 N. C., 673, it is said: "The question is decided. *Patterson v. Miller,* 72 N. C., 516. This Court has never interfered between attorney and client in making allowances for professional services, and we are not inclined at this late day to assume the power to do so." *Ellington v. Ellington,* 204 N. C., 785, 168 S. E., 672; *Roe v. Journigan,* 181 N. C., 180, 106 S. E., 680.

In holding that the court is without authority to impose a lien upon lands to secure an attorney's fee allowed by the court, we are not inadvertent to the decision in *Casket Co. v. Wheeler,* 182 N. C., 459, 109 S. E., 378, where it appeared that there had been an equitable assignment of a part of the recovery to the attorney and where it further appeared that a petition in the cause was filed by the attorney and the client was given a full opportunity to be heard. In the case under consideration it does not appear that there was any agreement between attorney and client, or that the attorney intervened in the cause, giving his client an opportunity to be heard on the attorney's claim. Apparently the court fixed the fee and imposed a lien without notice.

Even if it be conceded that the court had power to impose a lien upon the land of the defendant in favor of his attorney, as the pleaded judgment attempts to do, plaintiff's deed is a nullity. The judgment provides that "if said Jones Foster fails to pay said lien within 60 days the said property shall be advertised and sold as provided by law for the foreclosure of other liens." Under this judgment there was no authority in the clerk to issue execution thereon, or in the sheriff to sell said property under execution. Furthermore, the judgment undertakes to impose a lien only upon one lot 55 feet by 200 feet. In addition thereto the sheriff undertook to sell another tract containing 1½ acres.

The judgment set out in the defendant's further answer is void in so far as it undertakes to fix the fee of counsel for the defendant in that cause and to impose the same as a lien upon defendant's property, and the plaintiff's deed executed to him by the sheriff pursuant to a sale under an execution issued on said judgment conveys no title to the land therein described.

The judgment below is

Reversed.